221 So.2d 700

Tommy WINCHESTER

v.

STATE.

6 Div. 414.

Court of Appeals of Alabama.

April 1, 1969.

C. Delaine Mountain, Tuscaloosa, for appellant.

MacDonald Gallion, Atty. Gen., and John A. Lockett, Jr., Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

This is an appeal from the denial of the writ of error coram nobis.

Petitioner entered a plea of guilty to a charge of second degree forgery and was sentenced to a term of two years in the penitentiary. He requested and was granted probation. Subsequently, his probation was revoked and he began serving his sentence.

Appellant contends in brief:

"(1) that there was no intelligent waiver of counsel at the time the appellant entered a plea of guilty and was sentenced to two years for forgery in the second degree:

"(2) At the time of the probation revocation hearing the appellant was not represented by counsel and was not afforded the opportunity to obtain counsel appointed for him; and, therefore, his constitutional rights were violated.

"(3) further, at the probation revocation hearing, evidence was not presented in the form prescribed by law in order for it to be a sufficient finding to revoke his probation."

As to appellant's first contention, he testified that he was guilty of the offense of which he was charged; that he waived counsel and pled guilty after being promised by the District Attorney that he would receive probation.

The District Attorney testified in part as follows:

"* * * My judgment is he went before Judge Warren. He said he didn't want a lawyer and Judge Warren asked him if he wanted to talk to me and Tommy and I talked and this was after he said he had a right to a lawyer and he said he didn't want one and Tommy asked me what I would do and I said two years. * * *."

The minute entry was introduced in evidence. It states the following:

"After the explanation of the rights defendants have to this defendant as heretofore shown defendant in open court informs the Court that defendant understands the rights given to defendants in this character of case and that defendant does not want to be represented by an attorney and does not want a trial and that defendant wants to plead guilty.

/s/ W. C. Warren
Judge Presiding"

There was no error in the trial court's conclusion that appellant intelligently waived his right to counsel when he entered his plea of guilty.

In support of his contention as to the necessity for counsel at his probation revocation hearing, appellant cites Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733, and Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336.

In Mempa, supra, the court stated:

"There was no occasion in Gideon to enumerate the various stages in a criminal proceeding at which counsel was required, but *Townsend, Moore,* and Ham-

ilton, when the Betts requirement of special circumstances is stripped away by Gideon, clearly stand for the proposition that appointment of counsel for an indigent is required at every stage of a criminal proceeding where substantial rights of a criminal accused may be affected."

In *Mempa* imposition of sentence in the state court was deferred subject to probation pursuant to the Washington statute. The court held that the defendant was entitled to counsel at the proceeding at which his probation was revoked and sentence imposed.

In this case sentencing was completed before probation was granted, and in the language of Rose v. Haskins, 388 F.2d 91 (Sixth Circuit 1968) Mempa cannot be considered "as throwing light on our problem."

So far as our research discloses *Gideon* has not been extended to apply to a situation such as is presented here. Our appellate courts have not expressly held that every petitioner has the right to be represented by counsel at the revocation hearing. This question is not presented and will not be decided in the present case.

In Strickland v. State, 280 Ala. 31, 189 So.2d 771, the court said that when an accused intelligently and voluntarily waives counsel at arraignment, the burden shifts to defendant to request counsel if he desires an attorney when he changes his plea to guilty.

■ The record before us is silent as to whether appellant was an indigent when the guilty plea was entered or at the revocation hearing. He testified at the coram nobis hearing that he was not offered counsel at the revocation hearing, but he does not contend that he requested counsel and his request was denied. Having waived counsel when he plead guilty, the burden was on him to request the presence of counsel of his own choosing or that counsel be appointed by the court if indigent. *Strickland*, supra.

■ Appellant's contention that the evidence presented at the probation revocation hearing was not sufficient to revoke his probation is a question which should be presented on appeal and is not properly before us in this proceeding.

The judgment is due to be and hereby is affirmed.

Affirmed.

CATES, Judge (concurring).

I think that point (2) as to lack of counsel at the probation revocation hearing is not amenable to relief post conviction by way of coram nobis. Whether the probation statute impliedly requires counsel to constitute "a hearing" I think can be raised ordinarily only (if at all) by a direct appeal.

Hence, I consider point (2) is moot here unless Winchester were to have proved that the final revocation order was the product of fraud which would have prevented that order.

I see no Federal or State constitutional question on this point. Briguglio v. N. Y. State Board of Parole, 23 N.Y.2d 669, 295 N.Y.S.2d 924, 243 N.E.2d 144 (Feb. 20, 1969).

Aside from this aspect of form, I agree with all that our Presiding Judge has said to judgment.

ALMON, J., concurs in result.