PATTERSON, Presiding Judge.
Mack Charlie Welborn appeals from the trial court’s denial of his A.R.Crim.P.Temp. 20 petition. In this petition, Welborn appears to be contesting a 1982 conviction for the sale of marijuana, two 1990 convictions (under a two-count indictment and based on guilty pleas) for possession of marijuana resulting in two concurrent sentences of 10 years’ imprisonment, and the 1990 revocation of a two-year probation on a 1988 conviction for possession of marijuana. The state filed no response to Welborn’s petition, and the trial court summarily denied the petition without explanation.
In his petition, Welborn alleges ineffective assistance of counsel, the trial court’s lack of jurisdiction, and failure to appeal through no fault of his own. More particularly, Welborn argues that counsel was ineffective for failing to object to the trial court’s use of the 1988 conviction to enhance his 1990 sentences under the Habitual Felony Offender Act; for failing to advise him that the trial court did not have a factual basis on which to accept his 1990 pleas; for failing to object to the trial court’s failure to conduct a probation revocation hearing and to advise him of his right to appeal the revocation and the sentences on the 1990 convictions; for failing to object to the lack of sufficient time to dispute the prosecution’s use of the prior convictions for enhancement of his 1990 sentences; and for allowing the indictment, upon which his 1982 conviction rests, to be amended from charging possession to charging sale. He contends that the trial court had no jurisdiction to accept his 1990 pleas because it did not have a factual basis. He further argues that the court had no jurisdiction to sentence him as a habitual offender because, he says (1) the 1982 conviction used to enhance his sentence is void because he pleaded guilty to a sale of marijuana even though the indictment charged possession and (2) the prosecution did not give “sufficient” notice of its intent to proceed under the Act. Welborn also appears to be attacking the revocation of a two-year probation on a 1988 conviction for marijuana possession by contending that a revocation hearing was not held and that the court “did not comply with the requirements and guidelines which must be met for minimal due process to be accorded.” Finally, Welborn contends that he was not advised by the trial court or his trial counsel that he could appeal the 1990 convictions and the revocation of probation.
Welborn’s petition is directed to three proceedings: the 1982 conviction; the 1990 convictions (rendered in a single proceeding); and the 1990 revocation of probation on the 1988 conviction. “However, a petition filed under Rule 20 should be directed at only one proceeding.” Bryant v. State, 565 So.2d 290, 290 (Ala.Cr.App.1990) (citing the Appendix to Rule 20).
Accordingly, this cause is reversed and remanded. In the event Welborn files any subsequent petition (under our present A.R.Crim.P. 32) directed at any one of the three proceedings,[1] the instant petition will not render the subsequent petition “successive” within the meaning of Rule 32.
REVERSED AND REMANDED.
All Judges concur.

. We recognize that we are implicitly holding that A.R.Crim.P. 32 encompasses collateral review for revocation of probation. A petitioner under Rule 32 is seeking relief from a sentence. See Rule 32.4. Cf. Winchester v. State, 45 Ala. App. 24, 221 So.2d 700 (1969) (wherein the court recognized the allegation of lack of counsel at a probation revocation hearing in the remedy of coram nobis).