McMILLAN, Judge.
This case is the result of the consolidation of cases from Morgan and Limestone Counties. The appellant was indicted in Morgan County on 86 counts of theft in the first degree and in Limestone County on 20 counts of theft in the first degree and on 4 counts of securities fraud. He entered into a plea agreement whereby he would plead guilty to 43 of the counts in Morgan County and to 10 of the theft counts and to all 4 of the fraud counts in Limestone County. He was sentenced to 10 years’ imprisonment on each of the counts, with all of the sentences to run concurrently. The sentences were to be suspended on 2 years’ probation after 30 days served in jail. Terms of the plea agreement, including an agreement to pay restitution, were set out in a plea agreement filed with both circuit courts. A total of $197,500 restitution was to be paid in the Morgan County case, with an initial payment of $24,999.38 due by January 1,1991. A total of $46,480 restitution was to be paid in the Limestone County case, with an initial payment of $23,240, also due by January 1, 1991. On January 17, 1991, the appellant’s probation officer filed a delinquency report, based upon the appellant’s failure to pay the Morgan County initial payment. On March 8,1991, after a hearing, the circuit court of Limestone County ordered the appellant’s probation revoked.
The appellant contends that the trial court committed the following errors in revoking his probation based on nonpayment of restitution: (1) the court made “no examination of the reasons for nonpayment,” (2) the court imposed his full sentence when “the maximum term of imprisonment [he] could have been ordered to serve would have been 1 year,” and (3) by ordering the appellant’s imprisonment, the court ordered the incarceration of an indigent for inability to pay, in violation of Rule 26.11(i)(2), A.R.Cr.P.
Prior to revoking the appellant’s probation, the trial court conducted a hearing. The colloquy between the appellant’s attorney and the trial court at that hearing clearly indicates that the court considered the appellant’s “situation, means, and conduct” with regard to the nonpayment, as required by Rule 26.11(i)(l), A.R.Cr.P. Further, the order of the trial court was that the appellant serve his original term of imprisonment. The trial court imposed no additional period of incarceration for nonpayment of the restitution, although a period not to exceed one year would have been authorized under Rule 26.11(i)(l)(ii), A.R.Cr.P. The sole remaining question, therefore, is whether the trial court committed reversible error in revoking the appellant’s probation. We find that the revocation was proper.
The appellant’s plea agreement specifically conditioned his probation in both cases on his payment of restitution in accordance with schedules set out within the agreement, which schedules could not modified by consent of counsel. The agreement then states the following:
“Upon Defendant’s failure to make timely payments noted in subsections (a) and (b) above or any later agreed modification, Defendant’s probation will be revoked and he will begin serving his sentence in prison. A plea of poverty by the Defendant will not excuse the payment of restitution.”
At the guilty plea hearing, the trial court reviewed this provision with the appellant *1189 and his attorney, and the attorney thereafter stated that “throughout the course of these negotiations we have made it clear, [the appellant] understands, that if for any reason he’s unable to meet the burden on this restitution, then this sentence would be imposed.” The voluntariness of the agreement, its terms, the appellant’s subsequent failure to pay and his plea of indigence are not in issue. The appellant’s probation was properly revoked if his agreement to waive a plea of poverty was enforceable.
In the usual case in which restitution is imposed by the court, a factual determination of indigence is appropriate before a defendant is incarcerated for nonpayment. In the present case, however, such a determination would be irrelevant. Here, the appellant helped to formulate the conditions of a plea agreement that included the specific consequence of revocation of probation for failure to pay restitution. He specifically waived the right to plead poverty in the event of such nonpayment.
This Court finds the reasoning in Brushingham v. State, 460 So.2d 523 (Fla.Dist.Ct.App.1984), in a factually similar situation to be persuasive. In that case, the appellant agreed to pay restitution as a condition of probation, waiving a plea of poverty. The court found that the appellant could not legally complain of the consequences of his failure to uphold his end of the bargain. Further, such an agreement was not void as against public policy. Id, citing Doherty v. State, 448 So.2d 624 (Fla.Dist.Ct.App.1984).
The appellant in the present case voluntarily agreed to the consequences of his failure to pay restitution. The trial court did not then err in imposing them. The judgment of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.