LONG, Judge.
The appellant, Wendell Eugene Whitaker, appeals from the dismissal of his petition for post-conviction relief filed pursuant to Rule 32, Ala.R.Crim.P., which attacked the revocation of his probation. On appeal, the appellant contends that the trial court erroneously dismissed his Rule 32 petition without an evidentiary hearing. We agree.
On October 1, 1994, the appellant filed a petition for post-conviction relief pursuant to Rule 32, Ala.R.Crim.P., in the Circuit Court of Houston County. In that petition, the appellant alleged that he was denied due process because, he said, his probation had been revoked without an initial court appearance after his arrest on subsequent charges that constituted a violation of his probation and without a probation revocation hearing. See, Rule 27.5 and 27.6, Ala.R.Crim.P. Specifically, the appellant stated the following:
“On 7/24/92, the petitioner plead[ed] guilty to T.O.P I [theft of property in the first degree] in the Circuit Court of Houston County, AL. The petitioner received a 3 year sentence-split 90 days Boot camp/5 years probation. The petitioner completed Boot Camp in 10/92 and began the probation period. On 4/11/94 the petitioner was arrested, on a warrant for violation of probation, and was placed in the Houston County Jail. The petitioner remained there until [he was] transferred to Kilby Corr. Facility on 6/9/94 where he remained until [he was] transferred to Limestone Corr. Facility on 6/27/94, where he remained until [he was] transferred to Limestone Community Work Center on 8/2/94. Since [his] arrest on 4/11/94, the petitioner has not been given a probation revocation hearing in the Circuit Court of Houston County, AL. The petitioner has not been represented by counsel in the process of the petitioner’s revocation.”
(C. 11.) In his petition, the appellant maintained that he did not waive his right to a probation revocation hearing and that counsel should have been appointed to assist him in the revocation proceedings. The appellant also claimed that because there was no revocation hearing, he was not informed of his right to appeal; thus, he was free from fault in failing to timely appeal the revocation of his probation.
On October 12,1994, the state, through the assistant district attorney, filed a motion for summary dismissal of the petition, alleging the following grounds:
“1. The petition fails to state a claim for which relief may be granted.
“2. The grounds alleged in the petition either were raised at trial or could have been but were not raised at trial.
“3. The grounds alleged in the petition either were raised on appeal or could have been but [were] not raised on appeal.
“4. The grounds alleged and the facts stated do not amount to newly discovered evidence.”
(C. 23.)
On October 17, 1994, the trial court dismissed the Rule 32 petition and entered the following written order:
“I have considered the Defendant’s motion for Rule 32 relief and the State’s responsive motion for summary disposition. I have dismissed the Rule 32 proceeding for failure to state a claim on which relief can be granted. The Defendant’s remedy, if one exists, is by habeas corpus petition. The present motion does not contest the legality of the Defendant’s underlying conviction and sentence.”
(C. 27.)
The trial court erred when it dismissed the petition on the ground that the appellant’s claims were not cognizable in Rule 32 proceedings. As this Court has stated, “[a] habeas corpus proceeding is not the proper forum for attacking the trial court’s revocation of probation. All post-conviction petitions seeking relief from a conviction or sentence shall be treated as a proceeding *1264 under Rule 32, A.R.Crim.P.” Patton v. State, 623 So.2d 452, 452 (Ala.Crim.App.1993). (Emphasis added.) See also, Welbom v. State, 586 So.2d 256, 257 n. 1 (Ala.Crim.App.1991). (“We recognize that we are implicitly holding that A.R.Crim.P. 32 encompasses collateral review for revocation of probation. A petitioner under Rule 32 is seeking relief from a sentence. See Rule 32.4.”).
The state’s motion to dismiss the petition did not refute the appellant’s factual allegations; thus, those allegations must be taken as true. Henderson v. State, 586 So.2d 1009, 1010 (Ala.Crim.App.1991). “[W]hen a petition contains matters which, if true, would entitle the petitioner] to relief, an evidentiary hearing must be held.” Smith v. State, 581 So.2d 1283, 1284 (Ala.Crim.App.1991), citing Ex parte Boatwright, 471 So.2d 1257, 1258 (Ala.1985).
The appellant’s allegations, if true, would entitle the appellant to relief.
“The minimal due process requirements for the revocation of parole were set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and were extended to the revocation of probation in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). See also Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). These requirements are as follows: (1) written notice of the violation, (2) disclosure of the evidence against the probationer, (3) the opportunity to be heard and to present witnesses and evidence, (4) the opportunity to confront and to cross-examine adverse witnesses, (5) a hearing before a neutral and detached body, and (6) a written statement by the factfinder as to the evidence relied on and the reasons for revoking probation.”
Gates v. State, 629 So.2d 719, 720 (Ala.Crim.App.1993). (Emphasis in original.) See, also, Rule 27.5 and 27.6, Ala.R.Crim.P.
Accordingly, this cause is remanded to the Circuit Court of Houston County for that court to conduct a hearing on the appellant’s petition for post-conviction relief. Pursuant to Rule 32.9(d), the circuit court is directed to make “specific findings of fact relating to each material issue of fact presented.” Due return should be filed in this Court within 42 days from the date of the release of this opinion.
REMANDED WITH DIRECTIONS 
All the judges concur.