Joe Lee Moore appeals from the circuit court's denial of his petition for post-conviction relief. See Rule 32, Ala.R.Cr.P. In this petition, Moore challenges the revocation of his probation on March 15, 1994. He did not appeal the revocation order. In his petition, Moore argues that the trial court was without *Page 511 
jurisdiction to revoke his probation because, he alleges: he was no longer on probation at the time of the purported revocation, he was not represented by counsel at his revocation hearing, and he was not allowed to appear at his revocation hearing and did not waive his presence. The circuit court did not hold an evidentiary hearing and by written order held that the petition was without merit.
With regard to the first issue raised in the petition, we find no error in the circuit court's ruling. According to Moore's petition — read together with its exhibits — the probation revocation proceedings began on October 12, 1993, at which time he was still on probation. Thus, the period of probation was tolled until the conclusion of the probation revocation proceedings. See Smitherman v. State, 639 So.2d 569
(Ala.Cr.App. 1993). The circuit court properly held that this issue was without merit.
The second issue in Moore's petition alleged that he was not represented by counsel at the revocation hearing. However, the right to counsel in probation revocation proceedings is not absolute. See Coon v. State, 675 So.2d 94 (Ala.Cr.App. 1995). Moore has not alleged any facts that would indicate that the nature of this particular proceeding required that he be afforded counsel. Moreover, our consideration of this issue is precluded by the statute of limitations period of Rule 32.2(c).
We must remand this case, because the circuit court's order failed to address Moore's claim that he was not present at the revocation proceedings and that he did not enter a valid waiver of his presence. If these allegations are true, the trial court would have been without jurisdiction to revoke Moore's probation. See Lancaster v. State, 638 So.2d 1370 (Ala.Cr.App. 1993) and Rule 32.9(a), Ala.R.Cr.P. The circuit court's apparent oversight is understandable, in light of the somewhat circuitous nature of pro se petitions. However, having been raised, this issue must be addressed.
Therefore, we remand this cause to the circuit court and order it to hold an evidentiary hearing to determine the issue whether Moore was denied his right to be present at his probation revocation hearing. See Rule 27.6(b), A.R.Cr.P.
REMANDED WITH DIRECTIONS.
All Judges concur.