Pursuant to a plea agreement, the appellant, James L. Bones, pled guilty to manslaughter. The appellant does not dispute that his plea was knowingly, intelligently, and voluntarily made, nor does he dispute the terms of his sentence. The appellant was sentenced to fifteen years split to fifteen months to serve in the Montgomery County jail, followed by five years supervised probation. The appellant was also ordered to pay ten thousand dollars ($10,000.00) in restitution to the victim, with three thousand dollars ($3,000.00) to be paid to the victim within thirty days. The appellant did not pay the three thousand dollars to the victim within thirty days, and the victim[1] filed a motion for delinquency and/or revocation hearing. After the hearing, the trial court revoked the appellant's probation and ordered him to serve his fifteen year sentence.
The appellant did not appeal his probation revocation. After the time for filing an appeal had run, the appellant filed a Rule 32, Ala. R.Crim. P., petition, alleging that: (1) his probation was improperly revoked because he was indigent; (2) he received ineffective assistance of counsel because his attorney failed to object to his split sentence and failed to appeal the revocation of his probation; and (3) his sentence was improper because there was no factual basis to support a restitution order of ten thousand dollars ($10,000.00).
The State filed a response to the appellant's petition and also filed a Motion for Summary Disposition. The trial court granted the State's Motion for Summary Disposition, holding that it "specifically finds that the petition lacks basis in both fact and law."
The appellant appealed the trial court's dismissal of his Rule 32 petition and filed a brief in support of his claims, raising the same claims as in his petition. The State, rather than filing a brief in response, filed a Motion to Dismiss or, in the Alternative, Motion to Deny Appeal, and addressed only the issue of whether or not the appellant's probation had been improperly revoked because he was indigent and therefore unable to pay the court-ordered restitution.
The appellant responded by filing a Motion to Strike the exhibits attached to the State's Motion to Dismiss. However, because we are remanding this case to the trial court, the appellant's Motion to Strike is moot. The State's Motion to Dismiss or, in the Alternative, Motion to Deny Appeal, will be treated as the State's brief on the issues presented by the appellant.
 I
The appellant argues that "[t]he trial court erred to revers[al] by revoking appellant's probation solely because of his inability to pay restitution." The State argues that the appellant "agreed to condition his agreement upon the payment of the agreed-upon amount to the victim's mother in 30 days. He is now estopped from pleading indigency as a means of avoiding the bargain he struck or the consequences of non-performance." In Wright v. State, 610 So.2d 1187, 1189 *Page 216 
(Ala.Cr.App. 1992), cited by the State, this Court addressed this same issue, stating:
 "In the usual case in which restitution is imposed by the court, a factual determination of indigence is appropriate before a defendant is incarcerated for nonpayment. In the present case, however, such a determination would be irrelevant. Here, the appellant helped to formulate the conditions of a plea agreement that included the specific consequence of revocation of probation for failure to pay restitution. He specifically waived the right to plead poverty in the event of such nonpayment.
 "This Court finds the reasoning in Brushingham v. State, 460 So.2d 523 (Fla. Dist. Ct. App. 1984), in a factually similar situation to be persuasive. In that case, the appellant agreed to pay restitution as a condition of probation, waiving a plea of poverty. The court found that the appellant could not legally complain of the consequences of his failure to uphold his end of the bargain. Further, such an agreement was not void as against public policy. Id, citing Doherty v. State, 448 So.2d 624 (Fla.Dist.Ct.App. 1984).
 "The appellant in the present case voluntarily agreed to the consequences of his failure to pay restitution. The trial court did not then err in imposing them."
610 So.2d at 1189 (emphasis added).
In his petition and brief to this court, the appellant admits that he accepted the terms of his sentence and that he knowingly, intelligently, and voluntarily entered his plea of guilt. The trial court correctly held that the appellant's petition was without merit on this issue.
The State did not address the appellant's remaining arguments.
 II
The appellant argues that there was no factual basis for the order of restitution in the amount of ten thousand dollars. However, for the reasons stated in Part I of this opinion, the appellant's argument is meritless. Because the appellant agreed to this amount of restitution in his plea agreement, he cannot now claim that the order of restitution has no factual basis. The trial court correctly held that the appellant's petition was without merit on this issue.
 III
The appellant argues that his counsel was ineffective because (1) he failed to object to the appellant's split sentence; and (2) he failed to appeal the appellant's probation revocation. The appellant's first argument makes no sense. Because the split sentence was a part of the plea bargain worked out between the State and the appellant, there would have been no reason for the appellant's counsel to object to the sentence.
However, the appellant's second contention, at least on its face, is meritorious. The appellant claims that he told his trial counsel that he wanted to appeal the revocation of his probation and that his attorney failed to do so. The trial court does not state in its order why the appellant's claim is meritless.
Therefore, we remand this case to the trial court solely on this issue, to make written findings of fact as to why the appellant's claim is meritless, and, if necessary, to hold an evidentiary hearing on this matter. See Benefield v. State, [Ms. CR-96-0123, June 20, 1997] ___ So.2d ___ (Ala.Cr.App. 1997). A return to remand shall be filed with this Court within 60 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.*
All Judges concur.
[1] The victim hired an attorney who filed a "Victim's Motion for Delinquency and/or Revocation Hearing" on her behalf.
* Note from the reporter of decisions: On November 14, 1997, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 217