On November 8, 1994, pursuant to a plea agreement, the appellant, Arthur James Sanford, pleaded guilty to sodomy in the first degree, a violation of § 13A-6-63, Ala. Code 1975, and to rape in the first degree, a violation of § 13A-6-61, Ala. Code 1975. On December 9, 1994, Sanford was sentenced to two concurrent 15-year terms of imprisonment, which were suspended; he was placed on five years' probation. On January 8, 1999, the circuit court revoked Sanford's probation. Sanford did not appeal the revocation of his probation.
On February 15, 2000, Sanford filed a petition entitled "a petition for writ of habeas corpus," attacking the revocation of his probation. This petition was originally filed in the Barbour Circuit Court, but that court correctly treated the petition as a petition for postconviction relief pursuant to Rule 32, Ala.R.Crim.P.,[1] and transferred the case to the court of original conviction, Jefferson Circuit Court. See Long v. State,673 So.2d 856 (Ala.Crim.App. 1995).
In his petition, Sanford alleges that he was denied procedural due process during the probation revocation proceedings, see Rule 27, Ala.R.Crim.P.; Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); andArmstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Additionally, he claims that the evidence was insufficient to revoke his probation. In motions to amend the petition, Sanford alleged that the order revoking his probation was inadequate and that his counsel at the probation revocation hearing had been ineffective.[2] *Page 1082 
Although the circuit court did not expressly state that it had considered Sanford's motions to amend, the circuit court did not return the motions to amend the petition, and the amendments were filed before the circuit court entered its judgment. Therefore, we conclude that the circuit court allowed the amendments and considered them. Rule 32.7(b), Ala.R.Crim.P. The circuit court summarily dismissed the petition stating, "Habeas corpus petition is dismissed." (C.R. 1 and 12.)
Sanford's claims that he was denied procedural due process and that the evidence was insufficient to revoke his probation are procedurally barred under Rule 32.2(a)(3) and (5), Ala.R.Crim.P., because they could have been, but were not, raised and addressed at the revocation hearing and on appeal. Sanford's claim that the circuit court's probation revocation order was inadequate is procedurally barred under Rule 32.2(a)(5), Ala.R.Crim.P. because it could have been raised and addressed on appeal, but was not. Thus, the circuit court properly dismissed these claims.
Sanford's claim that counsel at his probation revocation hearing was ineffective, however, is meritorious, at least on its face. (C.R. 72-3.) The circuit court does not state its reasons for denying this claim, and the record does not support a finding that the claim is meritless. Therefore, we remand this cause to the circuit court to address Sanford's claim that his counsel rendered ineffective assistance during the probation-revocation proceedings. The circuit court is to make written findings of fact with regard to this claim, and, if necessary, to hold an evidentiary hearing on this matter. Bones v. State, 708 So.2d 214
(Ala.Crim.App. 1977). On remand, the circuit court may conduct such further proceedings or take such evidence as it deems necessary to make its determination and specific findings of fact. A return to remand shall be filed with this Court within 42 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings, if conducted, and the evidence submitted, as well as the circuit court's findings of fact.
REMANDED WITH INSTRUCTIONS.*
Long, P.J., and McMillan, Cobb, and Baschab, JJ., concur.
* Note from the reporter of decisions: On October 27, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On November 27, 2000, on application for rehearing, that court withdrew its unpublished memorandum of October 27, 2000, again affirmed without opinion, and overruled the application for rehearing.
[1] Rule 32 also applies to a collateral review of probation revocation proceedings. Welborn v. State, 586 So.2d 256
(Ala.Crim.App. 1991).
[2] The record contains a supplemental filing by Sanford requesting that the circuit court also consider claims challenging his guilty plea convictions. A Rule 32 petition can challenge only one conviction or the convictions that arose out of one proceeding. LeBlanc v. State, 609 So.2d 9 (Ala.Crim.App. 1992). Because Sanford's initial filing attacked the probation-revocation proceeding, the claims challenging his guilty plea convictions cannot be considered in this appeal.