BASCHAB, Judge.
On September 18, 1991, the appellant, Terry Bland, was convicted of murder. On October 9, 1991, the trial court sentenced him, as a habitual offender, to imprisonment for life without the possibility of parole. See § 13A-5-9(c), Ala.Code 1975. We affirmed his conviction on direct appeal and issued a certificate of judgment on October 6, 1992. See Bland v. State, 601 So.2d 521 (Ala.Crim.App.), on return to remand, 605 So.2d 849 (Ala.Crim.App.1992). On July 3, 2003, the appellant filed a Rule 32 petition, challenging his sentence. Without requiring a response from the State, the circuit court summarily dismissed the petition. This appeal followed.
The appellant argues that the trial court did not have jurisdiction to impose a sentence and that his sentence exceeds the maximum authorized by law because he had been pardoned for two of the three prior felony convictions that were used to enhance his sentence. Specifically, he contends that he received a full pardon for his convictions for burglary and grand larceny, which were allegedly used to enhance his sentence. The appellant’s argument appears to be meritorious. See Ex parte Casey, 852 So.2d 175 (Ala.2002). In fact, the State notes that the Alabama Board of Pardons and Paroles (“the Board”) essentially conceded that the appellant received a full pardon for his burglary and grand-larceny convictions and asks that we remand this case to give it an opportunity to respond to the appellant’s petition. Accordingly, we remand this case to the cir- *1041 curt court with instructions that that court make specific, written findings of fact regarding the appellant’s claim that he received a pardon for his burglary and grand larceny convictions and his claim that those convictions were improperly used to enhance his sentence. On remand, the circuit court shall give the State an opportunity to respond specifically to the appellant’s claim, and it may also conduct an evidentiary hearing on that claim. If the circuit court determines that the appellant received a pardon for his burglary and grand larceny convictions, and if it determines that those convictions were used to enhance his sentence, it shall resentence the appellant. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and/or a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

 Note from the reporter of decisions: On March 19, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On April 2, 2004, that court denied rehearing, without opinion. On November 19, 2004, the Supreme Court denied certiorari review, without opinion (1031059).