Dwight Durry appeals the circuit court's summary denial of his Rule 32, Ala. R.Crim.P., petition for postconviction relief, in which he attacked the August 30, 2005, revocation of his probation. Durry stated in his petition that he did not appeal the revocation.
Durry filed his Rule 32 petition on December 29, 2005. In his petition, Durry alleged that the trial court lacked jurisdiction to revoke his probation because, he said: (1) he was not afforded a revocation hearing before his probation was revoked and he did not waive his right to such a hearing, and (2) the trial court did not issue a written revocation order setting forth the reasons for the revocation and the evidence it relied on. After receiving a response from the State, the circuit court summarily denied Durry's petition on February 2, 2006.
Although couched in jurisdictional terms, claim (2), as set out above, is not a jurisdictional claim. A challenge to a trial court's revocation order is an exception to the general rules of preservation; inadequacy of a revocation order, however, is not a defect that deprives a trial court of jurisdiction and, thus, a challenge on that basis is subject to the procedural bars in Rule 32.2.[1] See Sanford v. State,784 So.2d 1080, 1082 (Ala.Crim.App. 2000) ("Sanford's claim that the circuit court's probation revocation order was inadequate is procedurally barred under Rule 32.2(a)(5), Ala. R.Crim.P., because it could have been raised and addressed on appeal, but was not."). Specifically, Durry's challenge to the trial court's alleged failure to issue a revocation order is barred by Rule *Page 541 
32.2(a)(5) because it could have been, but was not, raised and addressed on appeal. Therefore, summary denial of the Rule 32 petition as to this claim was proper.[2]
However, this Court has repeatedly held that the failure to conduct a revocation hearing without a valid waiver of the hearing pursuant to Rule 27.5(b), Ala. R.Crim.P., is a jurisdictional defect. See D.L.B. v. State,941 So.2d 324 (Ala.Crim.App. 2006); Henderson v. State,933 So.2d 395 (Ala.Crim.App. 2004); Young v. State,889 So.2d 55 (Ala.Crim.App. 2004); Zackery v. State,832 So.2d 672 (Ala.Crim.App. 2001); Phillips v. State,755 So.2d 63 (Ala.Crim.App. 1999); Hollins v. State,737 So.2d 1056 (Ala.Crim.App. 1998); Moore v. State,690 So.2d 510 (Ala.Crim.App. 1996); Whitaker v. State,686 So.2d 1262 (Ala.Crim.App. 1995); and Story v. State,572 So.2d 510 (Ala.Crim.App. 1990). Therefore, claim (1), as set out above, is not subject to the procedural bars in Rule 32.2.
Moreover, Durry pleaded this claim in his petition with sufficient specificity to satisfy the pleading requirements in Rule 32.3 and Rule 32.6(b), and the State did not refute this claim in its response to Durry's petition; therefore, Durry's claim must be accepted as true. See Bates v. State,620 So.2d 745, 746 (Ala.Crim.App. 1992) ("`When the State does not respond to a petitioner's allegations, the unrefuted statement of facts must be taken as true.'"), quoting Smithv. State, 581 So.2d 1283, 1284 (Ala.Crim.App. 1991). Because Durry's claim that he was not afforded a probation-revocation hearing is jurisdictional, is sufficiently pleaded, and was unrefuted by the State, Durry is entitled to an opportunity to prove his claim. See Ford v. State,831 So.2d 641, 644 (Ala.Crim.App. 2001) ("Once a petitioner has met his burden of pleading so as to avoid summary disposition pursuant to Rule 32.7(d), Ala.R.Crim.P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.").
Accordingly, we remand this case for the circuit court to allow Durry an opportunity to present evidence to support his claim that no revocation hearing was held and that, therefore, the trial court lacked jurisdiction to revoke his probation. The court shall either conduct an evidentiary hearing or accept evidence in the form of affidavits, written interrogatories, or depositions. See Rule 32.9(a), Ala.R.Crim.P. After receiving and considering the evidence presented, the circuit court shall issue specific written findings of fact regarding Durry's claim. If the court determines that Durry's probation was revoked without a revocation hearing or a valid waiver thereof, it shall grant Durry's Rule 32 petition and order new revocation proceedings. If the court determines that Durry was afforded a revocation hearing or that he validly waived his right to such a hearing, it shall so state in a written order. Due return shall be filed within 42 days of the date of this opinion and shall include the circuit court's written findings of fact, a transcript of the evidentiary hearing, if one is conducted, and any other evidence received or *Page 542 
relied on by the court in making its findings.
REMANDED WITH DIRECTIONS.*
BASCHAB, P.J., and McMILLAN, WISE, and WELCH, JJ., concur.
[1] We also note that a written revocation order is no longer required. See McCoo v. State, 921 So.2d 450
(Ala. 2005).
[2] We note that Durry contends for the first time on appeal that the trial court lacked jurisdiction to revoke his probation because, he says, the trial court did not advise him of his right to request counsel. However, this claim, like Durry's challenge to the trial court's revocation order, is not jurisdictional. Therefore, because Durry did not include this claim in his petition, it is not properly before this Court for review. See Arlington v. State,716 So.2d 237, 239 (Ala.Crim.App. 1997) ("An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").
* Note from the reporter of decisions: On August 23, 2007, after the Alabama Supreme Court had denied certiorari review, the Court of Criminal Appeals dismissed the appeal as moot, noting that Durry had received the relief he requested.
 *Page 428