STUART, Justice
(concurring specially).
I concur -with this Court’s decision to quash the writ of certiorari. I write to explain my reasoning.
In April 2013, Louis Murray filed his fifth Rule 32, Ala. R.Crim. P., petition for postconviction relief, attacking his sentence for his 1983 conviction for first-degree robbery, which had been enhanced pursuant to the Habitual Felony Offender Act, § 13A-5-9, Ala.Code 1975, in light of the State’s proof that Murray had three prior felony convictions, to life imprisonment without the possibility of parole. In his Rule 32 petition, Murray alleged, among other grounds, that his sentence was illegal because, he said, the trial court had improperly enhanced his sentence by applying a 1975 robbery conviction for which, he alleged, he had been pardoned. The circuit court summarily dismissed the petition; Murray appealed to the Court of Criminal Appeals. The Court of Criminal Appeals determined that the circuit court had erred by not conducting an evidentiary hearing on Murray’s claim that his sentence was illegal, and it remanded the case by order for the circuit court to conduct an evidentiary hearing to address Murray’s claim that his sentence was illegal.
Accordingly, on remand the circuit court conducted an evidentiary hearing. At the hearing, Murray testified that in July 1980 the Alabama Board of Pardons and Paroles (“the Board”) had granted him a full pardon, including the restoration of his civil and political rights, for his 1975 robbery conviction. In support of his testimony, Murray introduced into evidence a copy of a document entitled “Certificate Granting Restoration of Civil and Political Rights.” Murray also submitted the affidavit of Sarah Still, a pardon-unit manager with the Board. In her affidavit, Still averred that she had attempted to find Murray’s file to verify the authenticity of the “Certificate Granting Restoration of Civil and Political Rights” but that she had been unable to locate the file. The circuit court also admitted into evidence the facsimile cover sheet for Still’s affidavit. The cover sheet states:
“Please see the attached pardon certificate on Willie James Brown, aka Louis Murray, AIS# 109980. [He] was pardoned on a 1975 Montgomery Co. robbery case. The pardon did not have any restrictions.”
At the hearing, Murray argued that the pardon he received in 1980 forgave not only the 1975 robbery conviction named in the certificate granting the restoration of his civil and political rights, but also his convictions that occurred before the 1975 conviction, i,e., a 1966 felony reeeiving-stolen-property conviction and a 1974 felony grand-larceny conviction. Additionally, Murray maintained, because he had also been pardoned for the 1966 and 1974 felony convictions, those convictions could not be used to enhance his sentence for his 1983 conviction. Murray further contended that his 1981 conviction for being a felon in possession of a pistol, see § 13A-ll-72(a), Ala.Code 1975, could not be used to enhance his sentence for the 1983 conviction because, he said, the 1980 pardon had eradicated the legal effect of the felony convictions (the robbery and larceny convictions) upon which the 1981 conviction was based.
In response, the State argued that, even if Murray had been pardoned for the 1975 robbery conviction, that pardon did not preclude the use for sentence-enhancement purposes of convictions entered before the 1975 robbery conviction. The State introduced into evidence a certified copy of Murray’s 1975 robbery conviction as well as certified copies of three other felony convictions attributable to Murray — a 1966 receiving-stolen-property conviction, a 1974 grand-larceny conviction, *832 and a 1981 conviction for possession of a pistol after having been convicted of a crime of violence. Each of those convictions were entered before Murray’s 1983 conviction, the sentence for which was .at issue during the hearing.
Following the hearing, the circuit court issued an order finding that the Board had granted Murray a pardon for his 1975 robbery conviction and that that conviction had been improperly used to enhance Murray’s sentence for his 1988 conviction. The circuit court further found that Murray was not entitled to -relief from the sentence of life imprisonment without the possibility of parole imposed pursuant to his 1983 conviction because, it determined, even.without the' 1975 conviction Murray had three prior felony convictions ' that could have been used to enhance his sentence.
On return to remand, the Court of Criminal Appeals affirmed the circuit court’s judgment by an unpublished memorandum. Murray v. State (No. CR-12-1534, April 25, 2014), — So.3d-(Ala.Crim. App.2014) (table). This Court granted certiorari review to determine the effect of the pardon for Murray’s 1975 robbery conviction, ' i.e., whether the pardon of that conviction precluded the use for sentence-enhancement purposes of convictions preceding the 1975 robbery conviction.[1]
In my opinion, the circuit court and the Court of Criminal Appeals properly determined that Murray was not entitled to a new sentencing hearing. - To obtain the requested relief of a new .sentencing hearing, Murray had to establish by a preponderance of the evidence that the pardon of his 1975 robbery conviction also pardoned his “prior disqualifying convictions.”[2] Murray did not meet this burden.
The Board’s authority to act is governed by § 15-22-36, Ala.Code 1975, which states, in pertinent part:
“(a) In all cases, except treason and impeachment and cases in which sentence of death is imposed and not commuted, as is provided by law, the Board of Pardons and Paroles shall have the authority and power, after conviction and not otherwise, to grant pardons and paroles and to remit fines and forfeitures.
“(b) Each member of the Board of Pardons and Paroles favoring a pardon, parole, remission of a fíne or forfeiture, or restoration of civil and political rights shall enter in the file his or her reasons in detail, which entry and the order shall be public records, but all other portions of the file shall be privileged.
“(c) No pardon shall relieve one from civil and political disabilities unless specifically expressed in the pardon_”[3]
(Emphasis added.)
“In determining the meaning of a statute, this Court looks to the plain mean *833 ing of the words as written by the legislature. As we have said:
“‘“Words used in a statute must-be given their natural, plain, ordinary, and commonly understood meaning, and where plain language is used a court is bound to interpret that language- to mean exactly what it says. If the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.” ’
“Blue Cross & Blue Shield v. Nielsen, 714 So.2d 293, 296 (Ala.1998)(quoting IMED Corp. v. Systems Eng’g Assocs. Corp., 602 So.2d 344, 346 (Ala.1992)).”
DeKalb Cnty. LP Gas Co. v. Suburban Gas, Inc., 729 So.2d 270, 275-76 (Ala.1998).
A plain reading of § 15-22-36 reveals that the legislature vested in the Board the authority to grant an individual a pardon, a parole, the remission of a fíne or forfeiture, or the restoration of civil and political rights. The use of the conjunction “or” in § 15-22-36(b) indicates that the legislature viewed each act by the Board as separate and distinct. In § 15-22-36(c), the legislature has specifically provided that, if the Board grants a pardon, - the pardoned individual’s civil and political rights are not restored by that pardon unless the pardon includes language expressly restoring those rights. Additionally, nothing in the language of § 15-22-36 indicates that the Board’s restoration of civil and political rights to an individual who has been convicted of an offense means that the Board thereby grants a pardon for that particular conviction. ■ Indeed, treating the Board’s restoration of an individual’s civil and political rights as necessarily including a pardon for the particular conviction would -ignore the fact that, under § 15⅛2-36⅛) and (c), the restoration of a person’s civil and political rights and a pardon are separate and distinct matters. Cf. Harrison v. Wigington, 269 Ga. 388, 389, 497 S.E.2d 568, 569 (1998) (recognizing that the authority of the Georgia Board of- Pardon and Paroles “to grant pardons is an entirely separate and distinct power from its authority to remove disabilities imposéd by law”).
Unfortunately, . it appears that this Court, in its election-contest caselaw, has used the term “pardon” as a blanket expression, for different acts of the Board. For example, in Hogan v. Hartwell, 242 Ala. 646, 649, 7 So.2d 889, 890 (1942), an election-contest case, this Court, when interpreting the import of the Board’s act of restoring “ ‘all Alabama Civil and Political Rights,’” labeled the Board’s act -as a “pardon” rather than identifying the specific act of the Board and refining its analysis to that specific act. Likewise, in State ex rel. Sokira v. Burr, 580 So.2d 1340 (Ala.1991), another .election-contest case, this Court again used the blanket term “pardon” when analyzing the import of the Board’s grant of a “Certificate of Discharge from Parole with Restoration of Civil and Political Rights.”[4]
In Ex parte Casey, 852 So.2d 175 (Ala. 2002), this Court was asked to determine the import of the Board’s grant of a pardon that included the restoration of the individual’s civil and political rights. After considering the holding' in ' Burr, that a “pardon,” which included language ex *834 pressly restoring an individual’s civil and political rights, restored the individual’s civil and political privileges taken away by the felony conviction, removing all legal incapacities resulting from that conviction, this Court held that a full and unconditional pardon for a specific conviction that included a reference to “all prior disqualifying convictions” precluded the use of the specific conviction named in the pardon as well as the use of all convictions received before the named conviction for sentence-enhancement purposes under the Habitual Felony Offender Act.[5] The record in Ex parte Casey unequivocally established that the Board had granted Casey a pardon that included the restoration of his civil and political rights. This. Court held that the language in the pardon certificate established that the Board’s grant of a pardon had “blotted out” Casey’s guilt with respect to the named 1968/1969 convictions as well as any “prior disqualifying convictions” and that any legal disabilities resulting from those convictions had been removed. 852 So.2d at 181.' This Court stated that the pardon made Casey “a new and innocent man” and, consequently, that any convictions entered before the 1968/1969 convictions named in the pardon certificate could not be used for sentence-enhancement purposes. Id.
In my opinion, for the holding in Ex parte Casey to apply in this case and for Murray to establish that he was entitled to a new sentencing hearing, Murray was required to present evidence demonstrating that the Board granted a pardon for his 1975 robbery conviction and that the pardon included a reference to “all prior disqualifying convictions.” Here, the circuit court found that the Board granted Murray a pardon for his 1975 robbery conviction. However, unlike Ex parte Casey, in which the circuit court admitted into evidence a document that unequivocally stated that Casey had been pardoned for his 1968/1969 forgery convictions and for “all prior disqualifying convictions,” the record in this case does not include any evidence of the legal effect of the pardon with regard to Murray’s prior convictions. The circuit court did not find, and none of the evidence admitted at the hearing established, that the Board’s grant of a pardon for Murray’s 1975 robbery conviction included forgiveness for Murray’s convictions that precede his 1975 robbery conviction. I cannot agree with the dissent that an unverified statement, which generally is inadmissible under the Alabama Rules of Evidence, by a pardon-unit manager satisfies Murray’s burden of proof and supports reversal of the circuit court’s judgment. Therefore, the circuit court properly held that Murray was not entitled to a new sentencing hearing.
Moreover, I cannot agree with the dissent that the Board’s act of restoring Murray’s civil and political rights is equivalent to a pardon by the Board. The certificate of restoration of political and civil rights admitted into evidence does not contain any language establishing that the Board granted Murray a pardon for the 1975 robbery conviction and that the pardon included language forgiving “all prior disqualifying convictions.” Indeed, the only time the word “pardon” is used in the certificate admitted into evidence is to identify the issuing party, the “State Board of Pardons and Paroles.” Because nothing in the record establishes by a preponderance of the evidence that Murray’s pardon for the 1975 robbery conviction requires the preclusion of the use for sen *835 tence-enhaneement purposes of convictions preceding the 1975 robbery conviction, the circuit court did not err in refusing to conduct a new sentencing hearing.
Furthermore, I cannot interpret this Court’s caselaw to require that any and all acts by the Board are pardons'that “blot out” an individual’s guilt. In both Hogan and Burr, the Court focused on the implication of the restoration of an individual’s civil and political rights with regard to the individual’s eligibility to run for public office. These cases should not be read to mean that any and all acts of the Board are pardons or that any and all acts of the Board “blot out” individuals’ guilt for the named convictions as well as any prior disqualifying convictions, making the individuals “new and innocent” men or women. To the extent that Hogan and Burr can be interpreted to hold that any and all acts by the Board are “pardons,” those cases should be overruled.

.Murray’s contention that use of his 1981 felon-in-possession-of-a-pistol' conviction to enhance his sentence was improper is not properly before us. Murray's argument challenges the propriety of the felon-in-possession-of-a-pistol conviction. Such an argument must be made in a Rule 32 -petition challenging that conviction, and a'determination that that conviction is invalid must be made before a determination, that the use of that conviction to enhance his 1983 sentence was improper can be made. Sanford v. State, 784 So.2d 1080, 1082 n. 2 (Ala.Crim.App. 2000) (“A Rule 32 petition can challenge only one conviction or the convictions that arose out of one proceeding. LaBlanc v. State, 609 So.2d 9 (Ala.Crim.App. 1992).”).

. Rule 32.3, Ala. R.Crim. P., provides that a petitioner shall have the burden of "proving by a preponderance of the evidence facts necessary to entitle the petitioner to relief.”

. Although § 15-22-36 has been amended several times since 1980, when Murray received his pardon for the 1975 robbery com *833 viction, with the exception of several minor changes in capitalization and punctuation, the quoted portion of the statute remains unchanged.

. An appellate court can take judicial notice of the record of other appellate proceedings before the same court. Veteto v. Swanson Servs. Corp., 886 So.2d 756, 764 n. 1 (Ala. 2003).

. I recognize the principle of stare decisis and that Ex parte Casey is precedent. However, I adhere to my dissent in Ex parte Casey; I believe that the case was wrongly decided and should be overruled.