ON APPLICATION FOR REHEARING
BOWEN, Presiding Judge.
This application for rehearing on the denial of a petition for a writ of mandamus filed by the District Attorney for Russell County seeks an order requiring the circuit court to dismiss an indictment and to set aside a guilty plea.
The facts are as follows:
September 2, 1992: Jimmy Gerry Grimes was indicted by the Russell County Grand Jury for capital murder (CC-92-404) and intentional murder (CC-92-405). The district attorney admits that prior to the return of these indictments, the district attorney “suggested to the trial judge who he thought should be selected as the foreperson of the grand jury and that person was selected. Such a selection of a grand jury foreperson is prima facie discriminatory and the indictments are voidable. See Lee v. State [631 So.2d 1059], No. CR-91-294 (Ala.Cr.App. Mar. 5, 1993).” Petition for Writ of Mandamus filed October 1, 1993. It should be noted that the respondent circuit judge involved in this ease is not the same circuit judge who appointed the foreman of the grand jury.
December 15, 1992: Grimes filed a motion to quash the indictments on the basis of improper selection of the grand jury foreman.
March 12, 1993: After a hearing, the respondent circuit judge denied the motion to dismiss.
April 20, 1993: The respondent circuit judge, on his own motion, set a hearing to reconsider the defendant’s motion to dismiss in light of Lee v. State, 631 So.2d 1059 (Ala.Cr.App.1993).
June 22, 1993: A hearing to reconsider the motion to dismiss was held.
July 12, 1993: Grimes was indicted for capital murder in case CC-93-555.
July 15, 1993: The respondent circuit judge dismissed an indictment against an unrelated defendant on the ground that the grand jury foreman had been improperly selected.
September 2, 1993: The State filed motions to nol-pros the indictments against Grimes in cases CC-92^04 and CC-92-405 on the ground that those indictments had been superseded by the return of an indictment in case CC-93-555.
September 2k, 1993: A hearing was held on the State’s motions to nol-pros and on Grimes’s contention that a plea agreement had been made for him to plead guilty to murder with a recommended sentence of life imprisonment.
September 27, 1993: The respondent circuit judge entered a written order: granting Grimes’s motion to withdraw his motion to dismiss the indictment in case CC-92-405; denying the State’s motion to nol-pros eases CC-92-404 and CC-92-405; denying Grimes’ motion to enforce a plea agreement; and setting a date for Grimes to enter his guilty plea.
September 29, 1993: Grimes entered a “blind” plea of guilty to the indictment charging intentional murder (CC-92-405). The record shows that the respondent circuit judge stated: “Plea of guilty will be accepted.” R. 12. At the conclusion of the hearing, sentencing was set for October 26, 1993.
October 1, 1993: The District Attorney filed a petition for writ of mandamus in the Court of Criminal Appeals.
*1288 October J, 1993: In response to the petition, this Court granted the respondent 14 days to answer and show cause why the petition should not be granted.
October 12, 1993: The respondent circuit judge filed a response. In that response, the judge states:
“The respondent trial judge researched these questions and other questions contained therein. This research has led the respondent trial judge to conclude that the acceptance of defendant’s plea of guilty to murder was based on an erroneous premise. The erroneous premise was that a trial court had no discretion and was required to accept a defendant’s plea of guilty if the defendant pled guilty to the charge in an indictment without any recommendation from the State about the sentence to avoid a capital charge.
[[Image here]]
“In summary, the respondent trial judge allowed the defendant Grimes to withdraw his motion to dismiss the indictment in CC 92-405 and plead guilty to the indictment and denied the State’s motion to nol pross CC 92-404 and CC 92-405 because the respondent trial judge was of the opinion he had no discretion about whether to accept a voluntary and intelligent guilty plea to avoid a capital charge. That opinion, as shown by the above cases, was wrong.
“If the court had considered the cases cited herein, the respondent trial judge would have refused to accept defendant’s plea of guilty to murder, enter a nolle prosequi of eases CC 92^404 and CC 92-405, and set a trial date in case CC 93-555....
[[Image here]]
“If this Court does not order otherwise, the respondent trial judge would issue an order (1) setting aside the acceptance of defendant’s plea of guilty to murder in case CC 92-405 and refusing to accept the plea, (2) entering a nolle prosequi in cases CC 92-404 and CC 92-405, (3) setting a trial date in case CC 93-555, and (4) prohibiting the State from referring to or mentioning defendant’s plea of guilty during the trial of CC 93-555.” Response of trial judge at pages 6-9.
October 12, 1993: Grimes’s request for extension of time in which to respond is granted.
October 29, 1993: A response was filed on behalf of defendant Grimes in which Grimes argues that by pleading guilty he has waived any defect in the indictment in CC-92-405 and that jeopardy has attached and he cannot now be tried in CC-93-555.
November 3, 1993: This Court denied the petition without opinion.
November 17, 1993: The State filed an application for rehearing.
November 19, 1993: This Court granted the State’s motion to stay further proceedings in this cause. The State was granted 21 days to provide this court with a transcript of the guilty plea proceedings.
December 9, 1993: The State filed a transcript of the guilty plea proceedings.
The record reflects that although the defendant has not been sentenced, the trial court accepted the defendant’s guilty plea: “Plea of guilty will be accepted.” R. 12. It is the opinion of this Court that jeopardy attached when the plea of guilty in CC-92-405 was entered by Grimes. “ ‘Jeopardy attaches on a guilty plea when the plea is accepted and entered by a court with jurisdiction.’ Ex parte Wright, 477 So.2d 492, 493 (Ala.1985) (citing Odoms v. State, 359 So.2d 1162, 1164 (Ala.Crim.App.1978).” Ex parte Hergott, 588 So.2d 911, 913 (Ala.1991). See 22 C.J.S. Criminal Law § 223 (1989).
The State has presented no legal authority for setting aside the guilty plea that was entered by Grimes in CC-92-405 and accepted by the circuit court. The petition for writ of mandamus is denied and the application for rehearing is overruled.
APPLICATION FOR REHEARING OVERRULED.
All Judges concur.