Johnny Lee Hardy appeals from the circuit court's denial of his Rule 32, Ala.R.Crim.P., petition in which he contests one of his two 1994 convictions for distribution of cocaine and his two sentences, imposed pursuant to the Habitual Felony Offender Act, of imprisonment for life plus five years for each conviction. In this petition, Hardy contends (1) that his counsel was ineffective for failing to object to the state's failure to give him notice that his sentences would be enhanced, for failing to investigate the prior felony convictions used to enhance his sentences, and for failing to object to his allegedly illegal sentences; (2) that his sentences are illegal because they exceed the maximum authorized by statute; and (3) that his right to equal protection was denied in violation of due process because he was given no notice. In regard to his ineffective counsel claim, Hardy alleges that he was prejudiced because one of the three convictions used to enhance his sentences is a youthful offender adjudication, which clearly is not permitted to be used for enhancement purposes. See Ex parte Thomas,435 So.2d 1324 (Ala. 1982). After the state argued an issue in its response to Hardy's petition that had not been raised by Hardy, Hardy raised that issue: whether his plea of guilty in case CC-93-4809 was voluntary. He specifically alleges that he was not advised of the correct range of punishment before pleading guilty.
Hardy contends on appeal that the circuit court erred in denying his petition without a hearing. The circuit court, in summarily denying Hardy's petition, stated: "The Court having considered the pleadings of the parties and the record of court denies the petition on the following grounds: (1) These allegations could have been raised on appeal and were not raised. (2) These allegations lack merit." Attached to the state's response to Hardy's petition is a notice form addressed to Hardy of the prior convictions the state intended to use to enhance his sentences. However, the space for the defendant's signature acknowledging receipt of that notice is left blank. Also attached to the state's response is a completed form signed by Hardy acknowledging that he was satisfied with his counsel's representation in the case in which he pleaded guilty. However, this form is dated as being signed one month before his sentencing.
The state argues that the circuit court's finding that Hardy's claims are procedurally barred because they could have been raised on appeal, Rule 32.2(a)(5), is correct. However, our records show that, in the appeal of CC-93-4809, Hardy was represented by the same attorney who represented him at trial. We have no record of an appeal of the other case. The case action summary of that case reflects that no new attorney was appointed after sentencing. Based upon these facts, we are unwilling to find that Hardy's claim of ineffective assistance of counsel is procedurally barred by Rule 32.2(a)(5). Furthermore, Hardy's claim that his sentences are excessive cannot be procedurally barred by Rule 32.2(a)(5). It arguably falls within the ground expressly exempt from that procedural bar: "The court was without jurisdiction . . . to impose sentence." Rule 32.1(b). If in fact one of the prior convictions is a youthful offender adjudication, his sentences are outside the limits prescribed by statute, and Hardy will have established the prejudice required for a successful ineffective counsel claim under Strickland v. Washington,466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Compare *Page 492 Ex parte Lockett, 548 So.2d 1045 (Ala. 1989). In regard to the involuntary guilty plea claim, the Alabama Supreme Court has held, in Cantu v. State, 660 So.2d 1026 (Ala. 1995) (as modified on second application for rehearing), that such a claim may be asserted for the first time in a timely Rule 32 petition.
We also cannot uphold the circuit court's finding that Hardy's claims lack merit. The record before us does not support such a finding. Accordingly, we must remand this cause for the circuit court to make specific findings of fact regarding Hardy's claims (with the exception of his equal protection claim that is procedurally barred by Rule 32.2(a)(3) and (5)). In regard to Hardy's assertion that he is entitled to an evidentiary hearing, we note that the circuit court may properly dispose of Rule 32 allegations that are meritorious on their face without holding an evidentiary hearing under one of two sets of circumstances. First, if it has before it "facts supporting the position of each party [that] are fully set out in . . . supporting affidavits." Johnson v. State,564 So.2d 1019, 1021 (Ala.Cr.App. 1989) (relying on Temp. Rule 20.9(a), Ala.R.Cr.P., now Rule 32.9(a), which states, in part, that "[t]he court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing"). Second, if the events that serve as the basis of the allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462,463 (Ala. 1991) (wherein the court held that "a judge who presided over the trial or other proceeding and observed the conduct of the attorneys at the trial or other proceeding need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed"). See also Benefieldv. State, 583 So.2d 1370, 1370 (Ala.Cr.App. 1991) (wherein the court noted that meritorious allegations "warrant either an evidentiary hearing or an adequate explanation for their denial"). However, in any case, the circuit court should make "specific findings of fact relating to the issues raised by the appellant." Johnson, 564 So.2d at 1021. In the event that the circuit court has personal knowledge of the actual facts underlying Hardy's allegations, it may deny the allegations without further proceedings so long as it states the specific reasons for the denial in a written order. See Sheats v. State,556 So.2d 1094 (Ala.Cr.App. 1989).
Accordingly, this cause is remanded. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 60 days of the release of this opinion. If any hearing is held, the return to remand shall include a transcript of the remand proceedings.
REMANDED WITH INSTRUCTIONS.
All Judges concur.
 On Return to Remand