796 So.2d 1151 (2000)
Alan Lee ANDERSON
v.
STATE.
CR-99-1964.
Court of Criminal Appeals of Alabama.
December 1, 2000.
Opinion on Return to Remand April 27, 2001.
*1152 Susan Graham James, Montgomery, for appellant.
Bill Pryor, atty. gen., and Jack W. Willis, asst. atty. gen., for appellee.
FRY, Judge.
The appellant, Alan Lee Anderson, appeals from the circuit court's summary dismissal of his postconviction petition, filed pursuant to Rule 32, Ala.R.Crim.P., *1153 challenging his 1998 conviction for kidnapping in the first degree, a violation of § 13A-6-43, Ala.Code 1975, and his sentence to life imprisonment.
In his petition, Anderson alleges:
1. That his constitutional right to protection against double jeopardy was violated when the trial court accepted his plea of guilty to second-degree kidnapping, then rejected his guilty plea and conducted a jury trial on the charge of first-degree kidnapping;
2. That the trial court lacked jurisdiction to hear his case because "the indictment was constitutionally defective ... because he was convicted of first-degree kidnapping, when his indictment was amended to charge second-degree kidnapping"; and
3. That his trial counsel and appellate counsel were ineffective for failing to raise the double-jeopardy argument, for failing to object to the indictment, for failing to request instructions on various lesser-included offenses, and for failing to object to the admission of "improper" testimony.
In support of his claims, Anderson submitted an affidavit averring that trial counsel negotiated a plea agreement pursuant to which Anderson agreed to plead guilty to second-degree kidnapping and to serve a "15 split three year sentence," that he pleaded guilty to second-degree kidnapping on June 9, 1997, that he was subsequently informed that the trial court had rejected the plea and that the case would have to go to trial, and that he did not withdraw his guilty plea to second-degree kidnapping. Anderson also submitted a copy of the case action summary indicating that on June 9, 1997, he pleaded guilty to second-degree kidnapping and on June 11, 1997, the trial court granted the state's motion to amend the indictment to charge second-degree kidnapping. Both of these entries are initialed by the trial court.
The state in its response stated, in pertinent part:
"Petitioner first alleges that his constitutional right to protection against double jeopardy was violated when the court accepted a guilty plea for second degree kidnapping and then he was tried and convicted of first degree kidnapping. The state has spoken to both the prosecutor and the petitioner's attorney and it is clear their understanding of the situation is far different from that of the petitioner. At no time were they under the impression the Court was going to accept the plea agreement.... In fact, the Court on its own motion requested a pre-sentence investigation and deferred sentencing until August 15, 1997. On that date the Court informed the parties in open court that it was unwilling to accept the plea agreement and at that time the defendant made known to the court of his intent and desire to withdraw his previously entered guilty plea.[1]
". . . .
"Petitioner's second allegation regarding a defective indictment is likewise without merit. The amendment is predicated on the plea of guilty being entered by the Defendant and then being accepted by the court. Here, the court never accepted the guilty plea. In addition, the Petitioner withdrew his plea of *1154 guilty on August 15, 1997, thereby reinstating the first-degree kidnapping charge."
(C.R.39-40.) The state further argued that because Anderson's double-jeopardy claim and his jurisdictional claim were not meritorious, trial counsel and appellate counsel could not be considered ineffective for failing to raise these claims.
The circuit judge, who also presided over Anderson's trial, denied the petition, finding:
"1. The petition fails to state a claim upon which relief could be granted.
"2. No material issue of fact or law exists which would entitle Petitioner to relief.
"3. The petition is without merit.
"4. Petitioner has failed to meet the burden of proof in his petition.
"5. No purpose would be served by any further proceedings."
(C.R.53-4.)
On appeal, Anderson contends that the circuit court erred in dismissing his petition without an evidentiary hearing and without making detailed factual findings. The state, in its brief to this Court, concedes that Anderson makes allegations in his petition that are meritorious on their face and that the circuit court, in order to support its summary dismissal, should have stated specific reasons for denying Anderson's petition. The state, citing Hardy v. State, 709 So.2d 490 (Ala.Crim. App.1996), recognizes that under one of two circumstances a circuit court may dispose of allegations in a Rule 32 petition that are meritorious on their face without conducting an evidentiary hearing:
"First, if it has before it `facts supporting the position of each party [that] are fully set out in ... supporting affidavits.' Johnson v. State, 564 So.2d 1019, 1021 (Ala.Crim.App.1989)(relying on Temp. Rule 20.9(a), Ala.R.Crim.P., now Rule 32.9(a), which states, in part, that `[t]he court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing'). Second, if the events that serve as the basis of the allegation were observed by the same judge who rules on the Rule 32 petition. Ex parte Hill, 591 So.2d 462, 463 (Ala.1991)(wherein the court held that `a judge who presided over the trial or other proceedings and observed the conduct of the attorneys at the trial or other proceedings need not hold a hearing on the effectiveness of those attorneys based upon the conduct that he observed'). See also Benefield v. State, 583 So.2d 1370, 1370 (Ala.Crim.App.1991)(wherein the court noted that meritorious allegations `warrant either an evidentiary hearing or an adequate explanation for their denial'). However, in any case, the circuit court should make `specific findings of fact relating to the issues raised by the appellant.' Johnson, 564 So.2d at 1021. In the event that the circuit court has personal knowledge of the actual facts underlying [the petitioner's] allegation, it may deny the allegations without further proceedings so long as it states the specific reasons for the denial in a written order. See Sheats v. State, 556 So.2d 1094 (Ala.Crim.App.1989)."
709 So.2d at 492.
We agree with the state that Anderson has presented claims that are meritorious on their face. The record contains a copy of a plea agreement between Anderson and the state. The record also contains a notation initialled by the trial court granting the state's motion to amend the indictment to charge second-degree kidnapping and adjudging Anderson guilty of second-degree kidnapping.
*1155 We recognize that the trial court is not bound to accept an agreement between the defense and prosecution. Ex parte Yarber, 437 So.2d 1330 (Ala.1983). Additionally, a defendant has no absolute right to have a guilty plea accepted. Swann v. City of Huntsville, 455 So.2d 944 (Ala.Crim.App.1984). However, nothing in the record before us indicates that the trial court rejected the plea agreement or that Anderson withdrew his plea of guilty to second-degree kidnapping and that the original indictment was reinstated.[2] Additionally, nothing in the record indicates that the state's motion to amend the indictment and the trial court's granting that motion were conditioned upon the trial court's acceptance of the plea agreement. We simply cannot conclude from such a vague pretrial record that the trial court conditioned its granting of the motion to amend the indictment and its acceptance of Anderson's plea of guilty to second-degree kidnapping on the results of a sentencing report. Furthermore, in light of the record before us, Anderson's claims of ineffective assistance of counsel may be meritorious. Faulkner v. State, 741 So.2d 462 (Ala.Crim.App.1999). Therefore, we must remand this cause for the circuit court to make specific findings of fact.
Accordingly, we remand this cause. The circuit court is to make written findings of fact with regard to each of Anderson's claims, and, if necessary, to hold an evidentiary hearing on this matter. Bones v. State, 708 So.2d 214 (Ala.Crim. App.1997). On remand, the circuit court may conduct such further proceedings or take such evidence as it deems necessary to make its determination and specific findings of fact. A return to remand shall be filed with this Court within 42 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings, if conducted, and the evidence submitted, as well as the circuit court's findings of fact.
REMANDED WITH DIRECTIONS.
LONG, P.J., and McMILLAN, COBB, and BASCHAB, JJ., concur.

On Return to Remand
SHAW, Judge.[1]
The appellant, Alan Lee Anderson, appealed from the circuit court's summary dismissal of his postconviction petition, filed pursuant to Rule 32, Ala.R.Crim.P., in which he challenged his 1998 conviction for kidnapping in the first degree, a violation of § 13A-6-43, Ala.Code 1975, and his sentence of life imprisonment. In our original opinion in this case, 796 So.2d at 1153, we summarized Anderson's allegations as follows:
"1. That his constitutional right to protection against double jeopardy was violated when the trial court accepted his plea of guilty to second-degree kidnapping, then rejected his guilty plea and conducted a jury trial on the charge of first-degree kidnapping;
"2. That the trial court lacked jurisdiction to hear his case because `the indictment was constitutionally defective ... because he was convicted of first-degree kidnaping, when his indictment was amended to charge second-degree kidnapping'; and

*1156 "3. That his trial counsel and appellate counsel were ineffective for failing to raise the double-jeopardy argument, for failing to object to the indictment, for failing to request instructions on various lesser-included offenses, and for failing to object to the admission of `improper' testimony."
On December 1, 2000, we remanded this cause to the trial court with directions that it make written findings of fact with regard to each of Anderson's claims, and, if necessary, hold an evidentiary hearing on this matter. See Anderson v. State, 796 So.2d 1151 (Ala.Crim.App.2000). Pursuant to this court's instructions, the trial court, on December 19, 2000, conducted an evidentiary hearing. Based on testimony at that evidentiary hearing, the trial court issued an order on January 9, 2001, vacating Anderson's conviction and sentence for first-degree kidnapping, reinstating Anderson's guilty plea to second-degree kidnapping, and setting a date for a new sentencing hearing. Because the trial court granted the requested relief solely on double jeopardy grounds, the trial court's order does not contain any findings of fact relating to the remaining claims contained in Anderson's petition. The matter is again before this court on return from remand.
Pursuant to our remand order, the trial court held a hearing and made limited findings of fact. However, by vacating Anderson's conviction and sentence for first-degree kidnapping and reinstating his guilty plea to second-degree kidnapping, the trial court exceeded the scope of our remand order, and thus exceeded its jurisdiction. Pursuant to the Alabama Supreme Court's holding in Lynch v. State, 587 So.2d 306 (Ala.1991), any act by a trial court beyond the scope of an appellate court's remand order is void for lack of jurisdiction. See also Ellis v. State, 705 So.2d 843, 847 (Ala.Crim.App.1996) (stating that on remand, "the trial court had no jurisdiction to modify the original or base sentence imposed or to take any action beyond the express mandate of this court"). Therefore, the trial court's order vacating Anderson's conviction and reinstating his guilty plea is a nullity.
After carefully examining the record, including the supplemental transcript of the hearing on remand, we conclude that the trial court lacked jurisdiction to try and convict Anderson of first-degree kidnapping. On November 27, 1996, Anderson was arrested and charged with first-degree kidnapping. He subsequently entered into a plea agreement with the State, pursuant to which he agreed to plead guilty to second-degree kidnapping. His plea was accepted by the trial court on June 9, 1997. (C. 33.) Thereafter, the State, with Anderson's consent, moved to amend the indictment to reflect that he was being charged with second-degree kidnapping. The trial court granted that motion on June 11, 1997, and sentencing was set for August 15, 1997. The district attorney, Anderson, and Anderson's father all testified during the evidentiary hearing that the trial court refused to hold the scheduled sentencing hearing on that date. In fact, all three were in complete agreement that no one appeared before the court on August 15, 1997. Subsequently, on May 18, 1998, Anderson was tried, and he was convicted of first-degree kidnapping.
Rule 14.4(e), Ala.R.Crim.P., states that "[u]pon withdrawal of a guilty plea, the charges against the defendant as they existed before any amendment, reduction, or dismissal made as part of a plea agreement shall be reinstated automatically." See also Wright v. State, 664 So.2d 240, 240-41 (Ala.Crim.App.1995)(holding that *1157 the aforementioned rule "contemplates that only the party pleading guilty may request to withdraw the plea"). However, in this case, the record does not affirmatively reflect that Anderson ever appeared before the trial court to withdraw his guilty plea.[2] To the contrary, at the evidentiary hearing conducted by the trial court, Anderson specifically denied that he had ever withdrawn his plea or that he had instructed his attorney to withdraw his plea. (R. 9.) The record also does not support a finding that Anderson's guilty plea was conditionally accepted by the trial court.
In its January 9, 2001, order, the trial court stated that it was common practice for it to grant a motion to amend an indictment with the understanding that the amendment was for purposes of a negotiated plea and that if the court ultimately rejected the negotiated plea agreement, the defendant would be tried on the original charge. The trial court found that it had specifically rejected Anderson's plea agreement. The transcript of the evidentiary hearing indicates that all parties are in agreement that the trial court did, in fact, reject the plea agreement. However, as the trial court pointed out in its order, the record does not support a finding that Anderson's guilty plea was only conditionally accepted. Therefore, jeopardy in this case attached when Anderson entered his guilty plea. State v. Grimes, 641 So.2d 1286 (Ala.Crim.App.1994). Although we have previously held that a defendant is not placed in double jeopardy when he is prosecuted on a charge that was dismissed after his guilty plea to another charge had been vacated, see Williams v. State, 494 So.2d 819 (Ala.Crim.App.1986), Anderson's situation is distinguishable because his plea was never vacated.
"In English v. State, 56 Ala.App. 704, 708, 325 So.2d 211, 215 (1975), cert. denied, 295 Ala. 401, 325 So.2d 216 (1976), it was held:
"`If the trial court decides not to carry out the agreement reached between the prosecutor and counsel for the accused, the accused must be offered the opportunity to withdraw his guilty plea on motion promptly made....'"
Brown v. State, 495 So.2d 729, 730 (Ala. Crim.App.1986). As stated above, the record does not indicate that Anderson was offered the opportunity to withdraw his guilty plea, or that he ever in fact withdrew that plea.
Based upon the foregoing, at the time of his trial, there was no indictment charging Anderson with kidnapping in the first degree. "`In the absence of an indictment or information upon which this prosecution should have begun, the trial court was without jurisdiction to render judgment.'" Ford v. State, 612 So.2d 1317, 1322 (Ala.Crim.App.1992), quoting Woodham v. State, 28 Ala.App. 62, 178 So. 464 (1938). See also State v. Thomas, 550 So.2d 1067, 1070 (Ala.1989) (holding that "even if a court has jurisdiction over the person and of the crime, an accusation made in the manner prescribed by law is a prerequisite to the court's power to exercise its jurisdiction"). Collateral relief is available if a trial court was without jurisdiction to render the judgment or to impose the sentence. Gordon v. Nagel, 647 *1158 So.2d 91, 92 (Ala.1994). Therefore, we reverse Anderson's conviction of first-degree kidnapping on the grounds that the trial court lacked jurisdiction to convict Anderson and to sentence him on a charge as to which he had not been indicted. A court cannot permit a defendant to be tried and convicted on charges not contained in the indictment against him. Stirone v. United States, 361 U.S. 212, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960). See also Ex parte Clements, 370 So.2d 723, 728 (Ala.1979), overruled on other grounds, Beck v. State, 396 So.2d 645 (Ala.1980).
This cause is remanded to the Madison Circuit Court for that court to reinstate Anderson's original conviction for second-degree kidnapping based on his guilty plea and to sentence Anderson on his conviction for second-degree kidnapping.[3]
For the foregoing reasons, the judgment is reversed and the case is remanded.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB and BASCHAB, JJ., concur.
WISE, J., concurs in the result.
NOTES
[1] The state submitted a copy of Anderson's motion requesting a speedy trial filed on October 10,1997, stating: "On August 15, 1997, the Court informed the parties in open court that it was unwilling to accept the plea agreement entered by the parties in this case. The Defendant made known to the Court at that time of his intent and desire to withdraw his previously entered guilty plea." (C.R.44.)
[2] We have reviewed the record on direct appeal. The case action summary does not indicate that a hearing was conducted on August 15, 1997, that the trial court rejected the plea agreement, or that Anderson withdrew his guilty plea.
[1] The original opinion in this case was authored by another judge. This case was reassigned to Judge Shaw on January 16, 2001.
[2] We note that although all the testimony given at the evidentiary hearing indicates that none of the interested parties appeared before the court on August 15, 1997, Anderson's attorney later filed a motion for a speedy trial in which he alleged that Anderson appeared in court and withdrew his guilty plea on that date. (C. 44-45.) Anderson's attorney did not testify at the evidentiary hearing; nothing in the record supports his allegation that Anderson appeared in court on August 15, 1997, and withdrew his guilty plea.
[3] We note again that the trial court attempted to take these remedial measures while the case was on remand. However, as stated above, the court lacked jurisdiction to correct Anderson's conviction and sentence at that time because that court had jurisdiction only for the purpose of complying with our remand order.