COBB, Judge.
On February 4, 2002, Marcus Lucious, pursuant to a plea agreement, pleaded guilty to first-degree rape, a violation of § 13A-6-61, Ala.Code 1975. The plea agreement provided that in exchange for Lucious’s pleading guilty to the rape charge, the State would nol-pros a pending charge of first-degree robbery and Lucious would be sentenced as a habitual offender having two prior felony convictions to life imprisonment. The trial court sentenced Lucious to life imprisonment, in accordance with the plea agreement. No direct appeal was taken.
Lucious signed a Rule 32, Ala. R.Crim. P., petition on January 31, 2003. The petition was filed in the circuit clerk’s office on February 26, 2003. In his petition, Lu-cious alleged that he had been denied his right to effective assistance of counsel because, he says, his counsel did not object to the State’s using a youthful-offender adjudication as a prior felony conviction to enhance his sentence. See Hardy v. State, 709 So.2d 490 (Ala.Crim.App.1995)(a youthful-offender adjudication cannot be used as a prior conviction to enhance a sentence under the Habitual Felony Offender Act). Additionally, Lucious claimed that because the trial court improperly used a youthful-offender adjudication as a prior felony conviction to enhance his sentence, he was incorrectly informed of the potential minimum and maximum range of punishment, thereby rendering his guilty plea involuntary.
The State filed a motion to dismiss Lu-cious’s petition in which it denied the allegations made in the petition. The State claimed that the two prior convictions were felony convictions for which Lucious was sentenced to five years each.[1] The trial court dismissed Lucious’s petition, stating that his claims were precluded, that his ineffective-assistance-of-counsel claim and his claim that his guilty plea was involuntarily entered were without merit because the explanation-of-rights form reflects that he admitted to two prior felonies. This appeal followed.
Lucious claims that the trial court erred when it summarily dismissed his petition. A petitioner in a Rule 32, Ala. R.Crim. P., proceeding has the burden of pleading grounds that, if true, would entitle him to relief. Johnson v. State, 835 So.2d 1077 (Ala.Crim.App.2001). Summary disposition of a Rule 32, Ala. R.Crim. P., petition is appropriate only
“[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose *1218 would be served by any further proceedings .... ”
Rule 82.7(d), Ala. R.Crim. P. When the facts are in dispute in a post-conviction proceeding, the trial court’s ruling will not be disturbed absent an abuse of discretion. Elliott v. State, 601 So.2d 1118 (Ala.Crim.App.1992).
In his petition, Lueious failed to offer documents or proof beyond his bare allegation that one of the prior convictions used to enhance his sentence was a youthful-offender adjudication. The State denied the allegation, claiming that both pri- or convictions were felony convictions for which Lueious received five-year sentences. The trial court denied the petition. However, the trial court did not address in its order the allegation that one of the prior convictions used to enhance his sentence was a youthful-offender adjudication and not a felony conviction. The State requests us to remand this case for a specific factual finding regarding the prior conviction.
Although Lucious’s claim does not pertain to an illegal sentence because his sentence is still within the range of punishment for a conviction for a Class A felony, even with only one prior felony conviction, whether one of the prior convictions used to enhance his sentence was a youthful-offender adjudication will affect whether Lueious was properly informed of the potential minimum and maximum range of punishment.
Because Lueious argued a fact that, if true, would entitle him to relief, we remand this case for the circuit court to determine and to make a specific finding as to whether one of the prior convictions used to enhance Lucious’s sentence was, in fact, a youthful-offender adjudication. If a youthful-offender adjudication was used as a prior felony conviction to enhance Lu-cious’s sentence, the trial court should allow Lueious the opportunity to withdraw his guilty plea, if he so desires. If he does withdraw his guilty plea, the State may reinstate the first-degree rape charge as well as the first-degree robbery charge that was nol-prossed as part of the plea bargain agreement. Due return shall be filed with this Court within 42 days from the date of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and SHAW and WISE, JJ„ concur; BASCHAB, J., concurs in the result.

. The State does not argue, but it implies, that a sentence greater than three years could not result from a youthful-offender adjudication. See § 15-19-6(a)(4), Ala.Code 1975.

 Note from the reporter of decisions: On November 21, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion.