On Return to Remand 

BURKE, Judge.[1]
S.A.R. appeals the circuit court’s summary denial of his Rule 32, Ala. R.Crim. *1262 P., petition for postconviction relief in which he challenged his two convictions for first-degree rape and his two convictions for first-degree sodomy. All the convictions involved the same victim. S.A.R. also appeals the circuit court’s decision to deny his discovery request for the production of an audio recording that was submitted at trial. The recording was a copy of a recording the victim made of the incident that gave rise to two of S.A.R.’s convictions. Based on prior occurrences, the victim believed S.A.R. would enter the bathroom while she was taking a shower and force her to engage in sexual acts with him, so she used an audio-recording device to record their conversation and, ultimately, one of the incidents of rape and one of the incidents of sodomy.
S.A.R. was sentenced to concurrent terms of life imprisonment as to his first-degree-rape convictions and as to one of his first-degree-sodomy convictions, and he was sentenced to serve a consecutive term of life imprisonment as to his other first-degree-sodomy conviction. S.A.R. appealed his convictions and sentences, and we affirmed those convictions and sentences in an unpublished memorandum. S.A.R. v. State (CR-07-1550, April 24, 2009), 51 So.3d 405 (Ala.Crim.App.2009) (table). The certificate of judgment was issued by this Court on May 13, 2009.
S.A.R. filed his Rule 32 petition on November 12, 2009, arguing that the State failed to disclose exculpatory evidence and that he was denied the effective assistance of counsel. Also, in his form Rule 32 petition, S.A.R. placed a checkmark next to the claims of excessive sentence and lack of jurisdiction by the trial court; however, he made no argument as to these claims. The case-action summary indicates that on the same day he filed his petition, S.A.R. filed three separate motions for discovery.
The State responded that S.A.R.’s claims were precluded by Rule 32.2(a)(2) and (3), Ala. R.Crim. P. and by Rule 32.2(a)(4) and (5), noting that S.A.R. had raised his lack-of-discovery claim in a pretrial hearing and on direct appeal. The State also claimed that the petition failed to meet the specificity requirements of Rule 32.6(b) and failed to state a claim on which relief could be granted. The State also asserted that S.A.R. was properly sentenced and that he had been provided with all appropriate discovery. In response, S.A.R. argued that he was being denied his trial transcript by the State and his counsel.
S.A.R. then filed a motion, arguing that the State had misconstrued his argument and that he had been attempting to get a copy of his transcript and his counsel’s brief so that he could prepare his appeal.
In its order denying the petition, the circuit court held that S.A.R.’s claims that the State failed to disclose exculpatory evidence were bare assertions that were “woefully inadequate to meet the specificity requirements of Rule 32.6(b).” (R. 43.) Additionally, the court noted that S.A.R. had raised this argument on appeal and the court further refuted the claim on the merits. As to S.A.R.’s claim of ineffective assistance of counsel, the circuit court determined that he again made a bare assertion and did not comply with Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), “in that he fails to adequately demonstrate any deficiencies of counsel in the trial or appeal of his case which prejudiced him in any way.” (R. 44.) The court did not address S.A.R.’s claim that he had not been provided with his trial transcript, his attorney’s briefs, copies of exhibits, trial records, and orders; moreover, the case-action summary indicates that the circuit court considered his motion seeking these documents denied *1263 “as the time for appeal has passed.” (R. 2.) After the circuit court held that the motion had been denied by operation of law, S.A.R. filed another motion for discovery. (R. 2.)
On appeal, S.A.R. argued that the circuit court improperly summarily denied his petition because, he said, he was unable to “obtain his ‘paper work’ transcripts, reports and briefs from his lawyer.” (S.A.R.’s brief, at 6.) S.A.R. argued that he was entitled to a transcript of his trial in order to present his petition. S.A.R. also contended that he was entitled to a copy of the audio recording of his rape and sodomy of the victim that had been recorded by the victim and submitted at trial. Specifically, he contended that he was entitled to the audio recording “for the good cause standard and the fact the trial court’s exhibits from the trial are public records.” (S.A.R.’s brief, at 9.) He further contended that “good cause standard was not required since he is entitled to review trial exhibits because the exhibits are public records.” (S.A.R.’s brief, at 10.) The State responded that the case should be remanded to the circuit court to determine if S.A.R. was provided with the documents to which he was entitled, including his attorney’s briefs, orders, and other documents in his counsel’s possession. As to the recording, the State argued that because S.A.R. did not show good cause that he was entitled to this recording, the circuit court has the discretion to deny the motion. However, the State acknowledged that, because the court did not address this request, it should be addressed on remand.
On August 17, 2011, by order, this Court remanded this case to the circuit court with instructions to “determine whether S.A.R. was provided with a copy of his trial transcript, his attorney’s briefs, court orders and other court documents to which he would be entitled” and to “determine whether S.A.R. has shown cause that he was entitled to the recording.” This Court further stated that “[a] return shall be filed with this Court within 28 days of the issuance of this order.”
On September 15, 2011, the circuit court filed the following return with this Court:
“This cause was remanded to the trial court on the 17th day of August, 2011 following its denial of the defendant’s Rule 32 motion for the sole purpose of determining whether the defendant had been provided, pursuant to his discovery request, documents including the trial transcript, his attorney’s briefs, orders and other documents in his counsel’s possession.
“The trial court has determined through discussions with the defendant’s trial counsel that he had not forwarded the requested documents due to counsel’s ‘decision not to communicate with the defendant’ following the defendant’s filing of a bar complaint against defense counsel which was eventually summarily dismissed.
“At the request of the undersigned, on September 13, 2011, the Clerk of the Court of Winston County mailed to the defendant the trial transcript, all court orders, and defense counsel’s briefs. This Court specifically ordered the Clerk not to forward a copy of the recording of the rape and sodomy of the minor child. The trial court finds that the defendant did not show just cause that he was entitled to the audio of the rape and sodomy, but merely asserted that the recording was a trial exhibit and thus ‘public record.’ Section 15 — 1— 2(b) of the Code of Alabama provides otherwise. Accordingly, all such court files in this circuit are sealed and are not to be viewed without a court order and only for just cause.
*1264 “Wherefore, the Court hereby vacates its denial of defendant’s Rule 32 Petition dated October 26, 2010, and, allows the defendant sixty (60) days from receipt of the above mentioned documents to amend his Rule 32 petition.”
On October 18, 2011, S.A.R. filed a letter with this Court seeking clarification as to whether this Court would issue a “final order.” In that letter, S.A.R. also continued to allege, as he did in his brief on appeal and before the circuit court, that he was not required to show good cause that he was entitled to the audio recording, because, he said, trial exhibits are public record. On October 21, 2011, in response to S.A.R.’s inquiry, he was advised in a letter from the clerk of this Court that “this Court will issue decision in this appeal. However, the decision will not be final until the certificate of judgment issues.”
First, we hold that the circuit court acted beyond the scope of remand when it vacated its summary denial of S.A.R.’s Rule 32 petition and provided S.A.R. with 60 days to amend his petition. This Court’s order limited the circuit court to “determining] whether S.A.R. was provided with a copy of his trial transcript, his attorney’s briefs, court orders and other court documents to which he would be entitled.” Once the circuit court made that determination, its job concerning this issue was done. As this Court has previously held, “[p]ursuant to the Alabama Supreme Court’s holding in Lynch v. State, 587 So.2d 306 (Ala.1991), any act by a trial court beyond the scope of an appellate court’s remand order is void for lack of jurisdiction.” Anderson v. State, 796 So.2d 1151, 1156 (Ala.Crim.App.2000). Therefore, the circuit court lacked jurisdiction to vacate its dismissal of the Rule 32 petition; thus, that action was void.
Nevertheless, based on the circuit court’s determination that S.A.R. was not provided with a copy of the documents to which he was entitled, we agree with the circuit court’s conclusion; thus, we reverse the circuit court’s summary denial of S.A.R.’s Rule 32 petition and remand the case to allow the circuit court to grant S.A.R. leave to amend his petition after he receives the documents to which he is entitled and within a time specified by the court to allow compliance with the time in which the court must file its return. After remand, the circuit court should indicate in the record whether S.A.R. has in fact received all the requested documents to which he is entitled.
Finally, we address S.A.R.’s allegation that the circuit court erroneously failed to grant his discovery request for the production of a copy of the audio recording of his rape and sodomy of the victim that the victim recorded and that was submitted at trial. S.A.R. does not argue that he showed good cause that he was entitled to the recording. S.A.R. argues only that he was not required to show cause because, he says, the recording was a public record.
In Jackson v. State, 910 So.2d 797 (Ala.Crim.App.2005), this Court held: “When ascertaining whether discovery is warranted in a Rule 32 proceeding, the court must first determine whether the Rule 32 petitioner has shown good cause for disclosure of the requested materials.” 910 So.2d at 801. Furthermore, § 15-l-2(b), Ala.Code 1975, provides: “The court records of a child under the age of 18 years who is a victim of sexual abuse or exploitation shall not be open to the public, but shall be kept in the same manner as juvenile offender records are kept.”
Contrary to S.A.R.’s allegations, he was required to show good cause that he was entitled to a copy of the audio recording, *1265 and, because this case involves a 16-year-old victim of sexual abuse, the audio recording is not a public record. Therefore, the circuit court did not exceed its discretion in denying S.A.R.’s request to obtain a copy of the audio recording; thus, we affirm the circuit’s court’s decision concerning this matter.
Based on the foregoing, we affirm the circuit court’s judgment concerning S.A.R.’s request for production of the audio recording; we reverse the summary denial of S.A.R.’s Rule 32 petition; and we remand the case to the circuit court for further proceedings consistent with this opinion. Due return shall be made to this Court within 42 days of this opinion.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED. 
WINDOM, P.J., and WELCH, KELLUM, and JOINER, JJ., concur.

. This case was originally assigned to another member of this Court; it was reassigned to Judge Burke on February 19, 2011.