■ On Return to Remand 

KELLUM, Judge.
. Cedric Morrissette appeals the circuit court’s denial of his petition for postconviction relief tiled pursuant to Rule 32, Ala. R.Crim. P., in which he attacked his 2010 convictions for one count of attempted murder, one count of first-degree assault, and two counts of discharging a firearm into an occupied vehicle, and his resulting sentences of life imprisonment for the attempted-murder and assault convictions and 20 years’ imprisonment for the two shooting-into-an-occupied-vehicle convic *1011 tions. This Court affirmed Momssette’s convictions and sentences on direct appeal in an unpublished memorandum issued on September 30, 2011. Morrissette v. State, (No. CR-09-1912) 114 So.3d 164 (Ala. Crim.App.2011) (table).. The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on December 9, 2011.
Morrissette filed the instant petition, his first, on or about October 1, 2012. In his petition, Morrissette alleged:
(1) That his trial counsel was ineffective for not allowing him to testify on his own behalf and for making allegedly prejudicial comments to the jury during opening statements;
(2) That his conviction was obtained by the action of a petit jury that was unconstitutionally selected because, he said, the trial court erred in not striking for cause prospective juror no. 11;. and
(3) That his conviction was obtained by the use of “unduly prejudicial” evidence, specifically his statement to police, which, he said, contained comments regarding other crimes that were redacted, but which the trial court failed to instruct the jury about. (C. 71.)
On March 27, 2013, Morrissette filed a motion to amend his petition, in which he raised several additional claims. On April 1, 2013, the circuit court denied the motion to amend.[1]
On March 14, 2014, the State filed a response and motion to dismiss Morris-sette’s petition, arguing that claim (1),- as set out above, was'meritless, that claim (2), as set out above, was precluded by Rules 32.2(a)(2) and (a)(5), Ala. R.Crim. P., and that claim (3), as set out above, was precluded by -Rules 32.2(a)(3) and (a)(5), Ala. R.Crim. P. The State attached to its motion several exhibits, including an affidavit from Morrissette’s trial counsel. On March 17, 2014, the circuit- court issued orders denying Morrissette’s petition on the grounds asserted by the State.[2]
By order dated August 15, 2014, this Court remanded this case for the circuit court to allow Morrissette an opportunity to prove that portion of claim (1) in which he alleged that his trial counsel was ineffective for refusing to allow him to testify on his own behalf. We held that Morrissette’s claim in this regard was sufficiently pleaded, was not precluded, and *1012 was meritorious on its face, i.e., that, if the facts alleged were true, Morrissette would be entitled to relief. On remand, the circuit court complied with our instructions. The circuit court appointed counsel to represent Morrissette and conducted an evi-dentiary hearing on October 1, 2014, at which Morrissette was given the opportunity to present evidence regarding his claim. On October 14, 2014, the. circuit court issued an order denying Morris-sette’s claim.[3] Neither party requested permission to file briefs on return to remand; therefore, we proceed based solely on the parties’ original briefs.
“[W]hen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001). “However, where there are disputed facts in a postconviction proceeding and the circuit court resolves those disputed facts, ‘[t]he standard of review on appeal ... is whether the trial judge abused his discretion when he denied the petition.’ ” Boyd v. State, 913 So,2d 1113, 1122 (Ala.Crim.App.2003) (quoting Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992)).
Rule 32.7(d), Ala. R.Crim. R, authorizes the circuit court to summarily dismiss a petitioner’s Rule 32 petition
' “[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.... ”
Rule 32.3, Ala. R.Crim. P., states that “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” Rule 32.6(b), Ala. R.Crim. R, states that “[t]he petition must contain a clear and specific statement of the grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. A bare allegation that a constitutional right has been violated and mere conclusions of law shall not be sufficient to warrant any- further proceedings.” As this Court noted in Boyd v. State, 913 So.2d 1113 (Ala.Crim.App.2003);
“ ‘Rule 32.6(b) requires that the petition itself disclose the facts relied upon in seeking relief.’ Boyd v. State, 746 So.2d 364, 406 (Ala.Crim.App.1999). In *1013 other words, it is not the pleading of a conchision ‘which, if true, entitle[s] the petitioner to relief.’ Lancaster v. State, 638 So.2d 1370, 1373 (Ala.Crim.App. 1993). It is the allegation of facts in pleading which, if true, entitle[s] a petitioner to relief. After facts are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R.Crim. P., to present evidence proving those alleged facts.”
913 So.2d at 1125.
“Once a petitioner has met his burden. ... to avoid summary disposition pursuant to Rule 32.7(d), Ala. R.Crim. P., he is then entitled to an opportunity to present evidence in order to satisfy his burden of proof.” Ford v. State, 831 So.2d 641, 644 (Ala.Crim.App.2001).
Rule 32.9(a), Ala. R.Crim. P., provides:
“Unless the court dismisses the petition, the petitioner shall be entitled to an evidentiary hearing to determine disputed issues of material fact, with the right to subpoena material witnesses on his behalf. The court in its discretion may take evidence by affidavits, written interrogatories, or depositions, in lieu of an evidentiary hearing, in which event the presence of the petitioner is not required, or the court may take some evidence by such means and other evidence in an evidentiary hearing.”
In Wilkerson v. State, 70 So.3d 442, 451 (Ala.Crim.App.2011), this Court explained:
“‘The burden of proof in a Rule 32 proceeding rests solely with the petitioner, not the State.’ Davis v. State, 9 So.3d 514, 519 (Ala.Crim.App.2006), rev’d on other grounds, 9 So.3d 537 (Ala.2007). ‘[I]n a Rule 32, Ala. R.Crim. P., proceeding, the burden of proof is upon the petitioner seeking post-conviction relief to establish his grounds for relief by a preponderance of the evidence.’ Wilson v. State, 644 So.2d 1326, 1328 (Ala.Crim.App.1994). Rule 32.3, Ala.R.Crim. P., specifically provides that ‘[t]he petitioner shall have the burden of ... proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.’ ”
70 So.3d at 451.
With these principles in mind, we now review each of the claims raised by Morris-sette in turn.
I.
Claims (2) and (3), as set out above — that Morrissette’s conviction was obtained by the action of a petit jury that was' unconstitutionally selected and was obtained by the use of unduly prejudicial evidence — are nonjurisdictional claims subject to the preclusions in Rule 32.2. See Giles v. State, 906 So.2d 963, 980 (Ala.Crim.App.2004) (challenge to failure to remove juror for cause is not jurisdictional), overruled on other grounds, Ex parte Jenkins, 972 So.2d 159 (Ala.2005); and Boyd v. State, 746 So.2d 364, 404 (Ala.Crim.App.1999) (challenge to the admissibility of evidence is subject to the preclusions in Rule 32.2). Specifically, these claims are precluded by Rule 32.2(a)(5) because they could have been, but were not, raised and addressed on appeal. Therefore, the circuit court’s summary dismissal of these claims was proper under Rule 32.7(d).
II.
Claim (1), as set out above, contains two allegations of ineffective assistance of counsel, each of which we address in turn bearing in mind the following principles.
In Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the United States Supreme Court articulated two criteria that must be satisfied to show ineffective assistance of *1014 counsel. A defendant has the burden of showing (1) that his or her counsel’s performance was deficient and (2) that the deficient performance actually prejudiced the defense. To prove prejudice, “[t]he defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” 466 U.S. at 694. “A reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. Furthermore, “a court must indulge a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance.” -466 U.S.- at 689.
A.
In the first allegation, Morrissette alleged that his trial counsel was ineffective for not allowing.him to testify on his own behalf. On remand, the circuit court denied this claim after an evidentiary hearing. The circuit court made the following findings in its October 14, 2014, order on remand:
“[Morrissette] appeared in Court with his appointed counsel .., for the eviden-tiary hearing. After being advised of his right to testify during this évidentia-ry hearing, [Morrissette] eho’se not to testify. [Morrissette] did call three witnesses on his behalf. -
“[Morrissette] first called his mother, Lydia Morrissette. Lydia Morrissette testified that [Morrissette] advised her that he wanted to testify. TR9,12. He communicated this to her via letters and phone calls. TR 9. 12. Lydia Morris-sette did not bring any of the letters to the hearing. TR 12. However, when asked if [Morrissette] communicated this to anyone else Lydia Morrissette testified ‘To my knowledge, no. I don’t know.’ TR9, 10. She also said she met
with the trial attorney ... outside the courtroom and that the trial attorney ... ‘said he didn’t want Cedric to testify because he didn’t want Ced to mess himself up or something.’ TR 11.
“[Morrissette] also presented the testimony of his sister, Christina Morris-sette, Christina Morrissette testified that she did not recall whether her brother ... ever conveyed to her a desire to testify. TR13. Both Lydia Mor-rissette and Christina Morrissette testified that they never overheard or were present during any communication between [Morrissette] and his trial counsel ... regarding ‘whether [he] would be testifying.’ TR13, -15-16. Christina Morrissette did testify that before trial while ■ outside the courtroom the trial attorney ... did advise ‘that he did not want Ced to testify.’ TR 14,15.
“[Morrissette’s] trial counsel, Randy Arnold (hereinafter referred to as ‘Arnold’) also testified- during the hearing. Arnold testified that [Morrissette] never informed him during trial preparation that he wanted to testify. TR18. Arnold also testified that [Morrissette] never indicated that he wanted to testify. TR19, 22. Arnold further testified that he advised [Morrissette] of his right to testify ‘[b]oth before and during trial.’ TR22, 26-33. Arnold pointed to page 634 of the 2010 trial transcript and testified that at one point he turned and asked [Morrissette] if he wanted to testify and [Morrissette] advised him no. TR33-34. Arnold testified that he never denied [Morrissette] his right to testify and did not tell [Morrissette] that he could not testify in his own behalf. TR35. In an extended answer, trial attorney Arnold described how he counseled with [Morrissette] about his right to testify-and the-risks to the defense if [Morrissette] did so. See TR 26-33. In *1015 pertinent part, Arnold testified to the following:
“ ‘. And I remember turning to him- and saying, okay,- we’re at that point, do you want to testily or not? This is what the Judge is wanting to know right now. And he said to me, what do 'you think? And I told him, Cedric, under the circumstances I don’t think it’s necessary. I think it’s got more risk. I think it’s got more danger .than it can have potential good. They’ve already heard .your side of the story because they’ve heard the statements from the detectives and recording live, your voice and theirs. I think the risks are not good. If you get on, and it can only potentially get worse in my opinion, but it’s still your choice. And he said okay, if that’s what you want, if that’s what you feel, then I’ll go with that. But I’ve never, never in my -entire career — I’ve made mistakes like we all have, but I have never made a client testify or prohibited them from testifying. ...’
“On examination by [Morrissette’s] attorney at the hearing, former trial attorney Arnold admitted that [Morrissette] had filed a bar complaint against Arnold for ‘not letting [Morrissette] testify.’ TR 25. However, Arnold testified he had ‘never received anything from them about that.’ TR 26.
“[Morrissette] only offered the testimony of his mother and sister for the proposition that he told them of his interest in testifying. However, [Morris-sette] failed to put forth any testimony during this evidentiary hearing that his trial counsel failed to advise him of his right to testify or that his trial counsel refused to allow him to testify. The testimony of the mother and sister also was that they-did not overhear any conversations between the trial attorney and [Morrissette] regarding the issue of testifying.at trial.
“The evidence actually presented indicates that [Morrissette] never conveyed his desire to testify to his trial counsel. The evidence is that former trial attorney Arnold reviewed the facts and circumstances surrounding this case with [Morrissette], as well as the pros and cons of [Morrissette] testifying. The evidence also shows [Morrissette] was aware that he had the choice to testify and, after consultation with Arnold, chose not to.
“This Court therefore finds that [Mor-rissette] received effective assistance of counsel. There was no evidence that [Morrissette’s] 2010 trial counsel refused to allow [Morrissette] to testify — only that the trial counsel believed it was better that [Morrissette] not testify. There was no testimony' or evidence offered at all at the hearing about the substance of any direct communications between [Morrissette] and the 2010 trial counsel other than that of the trial counsel. The evidence was .that [Morris-sette] was allowed the opportunity to testify and, áfter consultation with trial counsel, made the decision not to testify during the 2010 trial of these matters.”
(Record on Return to Remand, C. 56-58.)
The circuit court’s findings are ■ supported by the evidence presented at the hearing conducted on remand, and we adopt those findings as part of this opinion. As the circuit court noted, Morris-sette failed to present any evidence indicating that his trial counsel, Randy Arnold, refused to allow him to testify on his own behalf. The testimony of his mother and sister; although indicating that Morrissette at- some point wanted to testify, on his own behalf, in no way - suggested that Arnold refused to allow Morrissette to testify.
*1016 Additionally, Morrissette chose not to testify at the hearing on his own behalf. The only remaining evidence presented at the hearing — the testimony of Arnold — established that Morrissette was not denied his right to testify and that Arnold in no way prevented Morrissette from testifying. Rather, Arnold’s testimony established that Morrissette’s decision not to testify was his own. Therefore, Arnold was clearly not ineffective in this regard, and the circuit court properly denied this claim on remand.
B.
In the second ineffective-assistance allegation, Morrissette alleged that his trial counsel was ineffective for making allegedly prejudicial comments to the jury during opening statements. Specifically, Morrissette asserted that his counsel, at the beginning of opening statements, made the following statement:
“ ‘Ladies and gentlemen, in fifteen years there’s never been a case that I’ve been involved in where I’ve agreed with the Prosecutor more than I have in this particular case. I could easily if she [the assistant district attorney] would allow and I was not involved with one of the Defendants, would gladly help her prosecute.’ ”
(C. 62.) According to Morrissette, this statement by his counsel led the jurors to believe that Morrissette’s own counsel believed that he was guilty of the charged crimes and unduly prejudiced his case.
This claim was not sufficiently pleaded to satisfy the requirements in Rules 32.3 and 32.6(b), Ala. R.Crim. P. As this Court explained in Hyde v. State, 950 So.2d 344 (Ala.Crim.App.2006):
“The burden of pleading under Rule 32.3 and Rule 32.6(b) is a heavy one. Conclusions unsupported by specific facts will not satisfy the requirements of Rule 32.3 and Rule 32.6(b). The full factual basis for the claim must be included in the petition itself. If, assuming every factual allegation in a Rule 32 petition to be true, a court cannot determine whether the petitioner is entitled to relief, the petitioner has not satisfied the burden of pleading under Rule 32.3 and Rule 32.6(b). See Bracknell v. State, 883 So.2d 724 (Ala.Crim.App.2003). To sufficiently plead an allegation of ineffective assistance of counsel, a Rule 32 petitioner not only must ‘identify the [specific] acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment,’ Strickland v. Washington, 466 U.S. 668, 690,104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), but also must plead specific facts indicating that he or she was prejudiced by the acts or omissions, i.e., facts indicating ‘that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.’ 466 U.S. at 694, 104 S.Ct. 2052. A bare allegation that prejudice occurred without specific facts indicating how the petitioner was prejudiced is not sufficient.”
950 So.2d at 356.
In this case, although Morris-sette identified the specific act or omission by counsel that he believed constituted deficient performance — the remark that counsel made at the beginning of opening statement — he failed to allege sufficient facts indicating how he was prejudiced by counsel’s remark. It is well settled that arguments of counsel must be viewed in the context of the entire trial and not in isolation. See, e.g., Wilson v. State, 111 So.2d 856, 893 (Ala.Crim.App.1999), aff'd, 111 So.2d 935 (Ala.2000). Moreover, “statements of counsel are not evidence.” Mashburn v. State, 148 So.3d 1094, 1161 (Ala.Crim.App.2013). Morrissette, howev *1017 er, failed to plead in his petition the context in which counsel’s remark was made. He made bare assertions that counsel’s remark prejudiced him, but he failed to plead any facts to support those bare assertions, i.e., facts indicating that, but for counsel’s remark, there is a reasonable probability that the outcome of the trial would have been different. Therefore, Morrissette failed to sufficiently plead this claim of ineffective assistance of counsel.
Moreover, in its March 17, 2014, order of dismissal, the circuit court found this claim to be meritless based on the record, stating, in relevant part:
“[Morrissette] also claims he was denied effective assistance of counsel because his trial counsel made improper remarks during his opening statement which unduly prejudiced him. Specifically, [Morrissette] claims his trial counsel told the jury that if he were able he would prosecute this case himself. This claim also fails. The quoted portion of [Morrissette’s] trial counsel’s statement is taken out of context. [Morrissette’s] trial counsel in fact stated that he would prosecute this case due to the senseless nature of the shooting, but that he was involved on [Morrissette’s] behalf because he saw a difference in what [Mor-rissette] was alleged to have done. See State’s Exhibit D.
“Additionally, the arguments of counsel are not evidence and the trial court instructed the jury that what the lawyers told them was not evidence. See State’s Exhibit E; see also Stallworth v. State, 171 So.3d 53 (Ala.Crim.App.2013) ]. It is also well settled that jurors are presumed to follow not disregard a trial court’s instructions. See id., quoting Brooks v. State, 973 So.2d 380, 409 (Ala.Crim.App.2007).”
(C. 183.) We agree with the circuit court’s findings and adopt them as part of this opinion.
Morrissette’s claim is based on a single remark by his counsel during opening statement that Morrissette has taken completely out of context. When viewed in context,[4] it is clear that counsel was not telling the jury that he believed that Mor-rissette was guilty of the charged crimes and that he wanted to prosecute Morris-sette, but rather, was pointing out that he was defending Morrissette against the charged crimes because Morrissette 'was not the primary perpetrator, i.e., was not the shooter, and that he would like to prosecute the actual shooters, not Morris-sette. Moreover, the record reflects that the trial court properly instructed the jury that arguments of counsel are riot evidence, and “[j]urors are presumed to follow the court’s instructions.” Hosch v. State, 155 So.3d 1048, 1090 (Ala.Crim.App. 2013).
For these reasons, .the circuit court properly summarily dismissed this claim of ineffective assistance of counsel.
III.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
WINDOM, P.J., and WELCH, BURKE, and JOINER, JJ., concur.

. Morrissette does not argue on appeal that the circuit court erred in denying his motion to amend, nor does he reassert in his initial brief on appeal any of the claims from his motion to amend. ' Although in his initial brief Morrissette mentions the court's denial of the motion to amend, the only argument Morrissette makes is that this Court should accept the allegations in his amendment as true. Because Morrissette does not challenge the propriety of the circuit court’s denial of his motion to amend, that issue,is not before this Court for review. Moreover, although Morrissette attached to his initial brief on appeal a copy of his motion to amend, it is well settled that "attachments to briefs ... cannot be considered on appeal.” Huff v. State, 596 So.2d 16, 19 (Ala.Crim.App.1991). Therefore, Morrissette’s attachment cannot be considered a reassertion by Morrissette of the claims raised in his motion to amend. We note that Morrissette does reassert in' his reply brief on appeal the claims raised in his motion to amend. However, “[i]t is á well-established principle of appellate review that we will not consider an issue not raised in an appellant’s initial brief, but raised only in the reply brief." Lloyd Noland Hasp. v. Durham, 906 So.2d 157, 173 (Ala.2005). Because Mor-rissette did not argue in his initial brief on appeal the claims from his motion to amend - and because the motion to amend was denied by the circuit court and that ruling is not challenged on appeal, the claims in Morris-sette’s motion to amend are not properly before this Court for review and will not be considered.

. The circuit court issued a separate order in each case number.

. We note that on October 7, 2014, Morris-sette filed a motion to amend his petition, in which he alleged that newly discovered material facts entitled him to a new trial. The circuit court properly did not consider this amended claim on remand. First, because this motion to amend was filed after the circuit court’s summary dismissal of Morris-sette’s petition on March 17, 2014, it was untimely. See Rule 32.7(b), Ala. R.Crim. P. ("Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment." (emphasis added)); and Bryant v. State, 181 So.3d 1087, 1136 (Ala. Crim.App.2011) (opinion on return to second remand) ("[B]ecause this Court's remand in this case did not set aside the circuit court’s October 27, 2008, summary dismissal of Bryant’s first amended petition, Bryant’s second amended petition was clearly untimely, having been filed after entry of judgment, and was properly stricken by the circuit court.”). Second, this Court’s remand order did not permit Morrissette to amend his petition on remand. Therefore, the circuit court had no authority to go beyond this Court’s remand order and to consider an amendment to Mor-rissette’s petition because-“any act by a trial court beyond the scope of an appellate court's remand order is void for lack of jurisdiction.” Anderson v. State, 796 So.2d 1151, 1156 (Ala. Crim.App.2000) (opinion on return to remand). Moreover, Morrissette does not pursue his newly-discovered-material-facts claim in his brief on appeal. For these reasons, we do not consider Morrissette’s newly-discovered-material-facts claim in this appeal.

. This Court may take judicial notice of its own records. See Nettles v. State, 731 So.2d 626, 629 (Ala.Crim.App.1998), and Hull v. State, 607 So,2d 369, 371 n. 1 (Ala.Crim.App.1992).